## SUPPLEMENTAL DECLARATION OF LAURA SANCHEZ, ESQ.

1.     I, Laura Victoria Sanchez, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

2.     The annual budget for CARECEN of Northern California's immigration-related programs is approximately $1.3 million. For 2019, CARECEN of Northern California has a budget of $3,000 for staff travel. This budget is shared across 11 staff members, and is to be used for staff to attend immigration conferences and trainings. We have no funds in our budget to cover other travel expenses, including the travel expenses we would incur should this case be transferred to San Diego. As a result, CARECEN of Northern California could not cover such travel expenses with its current budget. We would have to dedicate staff resources to trying to raise the funds.

3.     It would be inconvenient for CARECEN of Northern California staff to travel to San Diego to participate in this litigation—for example, to attend hearings or provide testimony regarding standing or the irreparable harm that Defendants' forced return policy is causing CARECEN of Northern California. A trip to San Diego would require me to lose a whole work day, which I cannot afford to do, as I am responsible for managing a legal program that requires my presence in the office. My staff also has full caseloads with upcoming case deadlines that require them to be present in the office. It would be far more convenient for CARECEN of Northern California to participate in this case in San Francisco.

4.     Moreover, third-party witnesses who could testify regarding the irreparable harm that Defendants' forced return policy is causing CARECEN of Northern California are

1

based in the Bay Area. For example, CARECEN of Northern California works with Instituto Familiar de la Raza (IFR) to provide mental health support to CARECEN of Northern California clients. By requiring asylum seekers to remain in Mexico, Defendants' forced return policy compromises IFR's ability to provide those support services to our clients. CARECEN of Northern California and IFR share office space in San Francisco.

5. CARECEN of Northern California has two physical offices in San Francisco, California. The two offices are about one half-block apart. The staff members in these offices are functionally part of one team, but we have two offices because we did not have adequate desk space in our first office.

6. CARECEN of Northern California physically represents clients in immigration court only in San Francisco. About ninety percent of our clients are venued at the San Francisco Immigration Court at the outset. Occasionally, CARECEN of Northern California will be contacted by people who are venued elsewhere along the southwest border, and we will help them file for change of venue to San Francisco.

7. CARECEN of Northern California is a completely separate legal entity from CARECEN-Los Angeles and CARECEN-DC. We have our own separate budget, staff, and board. Neither CARECEN-Los Angeles nor CARECEN-DC is a plaintiff in this case, and could not participate on behalf of CARECEN of Northern California.

Dated: 03/01/2019

Laura Sanchez, Esq.