**SUPPLEMENTAL DECLARATION OF ELENI WOLFE-ROUBATIS, ESQ.**

1. I, Eleni Wolfe-Roubatis, make the following declaration based on my personal knowledge and declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

2. Centro Legal de la Raza's only offices are in the Bay Area. Specifically, our offices are in San Francisco, Oakland, and Hayward, California.

3. The vast majority of Centro Legal's immigration clients are located in the Bay Area or have a connection to the Bay Area. Until we had to begin representing clients forced to remain in Mexico, the vast majority of Centro Legal's clients had their immigration court proceedings in San Francisco. This includes our clients in the Central Valley, as all persons detained at the Mesa Verde Detention Facility in Bakersfield and all non-detained asylum seekers in the Central Valley are venued in San Francisco.

4. Centro Legal is currently representing three individuals returned to Mexico pursuant to Defendants' forced return policy. This representation is requiring a significant investment of time by our two managing attorneys from our detention project. These attorneys are planning to be out of the office for two days next week in connection with this representation, and also will be out of the office for two days when the three clients have their immigration court hearings in San Diego. Our two managing attorneys not only have less time to devote to their other cases as a result, but also have less time to supervise other attorneys. Because of the time required to represent our clients who have been forced to remain in Mexico, we have been unable to continue accepting new cases as we normally would.

5.      It would be inconvenient for Centro Legal staff to travel to San Diego to participate in this litigation—for example, to attend hearings or provide testimony regarding standing or the irreparable harm that Defendants' forced return policy is causing Centro Legal.  Our two managing attorneys on the detention project are the ones who are representing our clients subject to the policy, and so are the ones who likely would need to travel to San Diego for proceedings related to this case.  Given the strain we are already experiencing as a result of having to represent clients in Mexico, having to spend time and resources traveling to San Diego would even further interfere with their ability to manage their own cases and to supervise other attorneys.  It would be far more convenient for Centro Legal to participate in this case in San Francisco.

6.      Moreover, third-party witnesses who could testify regarding the irreparable harm that Defendants' forced return policy is causing Centro Legal are based in the Bay Area.  For example, we have a partnership with psychologists at the Highland Hospital Human Rights Clinic and the Bay Area Asylum Mental Health Project.  These psychologists do pro bono evaluations for our asylum-seeker clients who are in removal proceedings.  Their evaluations are critical to proving our clients' asylum claims.  In the past, these psychologists have been unable to travel to evaluate our clients located outside the Bay Area.  We expect that they similarly will be unable to serve our clients in Mexico, which will undermine our ability to help our clients succeed on their asylum claims, and to travel to San Diego for proceedings related to this case.

7.      The annual budget for Centro Legal's immigration-related programs is approximately $4.7 million.  Our current budget does not account for the travel expenses we would incur should this case be transferred to San Diego.

Dated: 3/3/2019

_____

Eleni Wolfe-Roubatis, Esq.