
JOSEPH H. HUNT
*Assistant Attorney General*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
*Assistant Director*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov
PATRICK GLEN
*Senior Litigation Counsel*
ARCHITH RAMKUMAR
T. BENTON YORK
*Trial Attorneys*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Innovation Law Lab, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 3:19-cv-0807-RS<br>) |
| Kirstjen Nielsen, *et al.*, | )<br>) |
| Defendants. | )<br>) |

**Defendants' Statement on the Scheduling of Any Motion Practice Concerning the Administrative Record**

The government respectfully submits this statement on scheduling in response to Plaintiffs' "Motion to Set a Briefing Schedule for a Motion to Complete the Record." ECF No. 50.

The Court need not set a schedule on the administrative record at this time. As Plaintiffs themselves state, "the Court may assume for purposes of deciding Plaintiffs' Motion for

Preliminary Injunction, as well as their Motion to Consider Plaintiffs' Evidence and Defendants' Motion to Strike Extra-Record Evidence, that the administrative record is complete at this time." ECF 50 at 2. And that is as it should be, given that Plaintiffs do not in any of their current filings suggest, let alone demonstrate, that the government is not entitled to the presumption that the voluminous record it produced is complete. *See, e.g.*, *Cook Inletkeeper v. EPA*, 400 F. App'x 239, 240 (9th Cir. 2010) (when the government certifies an administrative record, the government is entitled to a presumption that the record is the full, complete record, a presumption that can only be rebutted with "clear evidence to the contrary"); *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007) (Seeborg, M.J.) ("An agency's designation and certification of the administrative record is treated like other established administrative procedures, and thus entitled to a presumption of administrative regularity.").[1]

Given the current posture of this case, Plaintiffs' failure to present clear evidence that the record is incomplete, and Plaintiffs' request with regard to resolution of the pending motion for preliminary injunction based on the certified administrative record the government produced, ECF

---

[1] Plaintiffs do not citeany authority requiring the government to meet and confer with Plaintiffs before it certifies an administrative record. Local Rule 16-5 (establishing no such requirement, and instead requiring only that the record be served prior to briefing for summary judgment begins, no less than 90 days from the date of service); *see, e.g.*, *San Luis & Delta-Mendota Water Auth. v. Jewell*, No. 115CV01290LJOGSA, 2016 WL 3543203, at *19 (E.D. Cal. June 23, 2016) ("the argument that a plaintiff . . . should be permitted to participate in an agency's record compilation as a matter of course contravenes the standard presumption that the agency properly designated the Administrative Record."); *Nat'l Ass'n of Chain Drug Stores v. U.S. Dep't of Health & Human Servs.*, 631 F. Supp. 2d 23, 27 (D.D.C. 2009) (same); Indeed, such a requirement would be contrary to controlling law that "[t]he task of the reviewing court is to apply the appropriate APA standard of review to the agency decision *based on the record the agency presents to the court*," and if for some reason the record does not permit such review, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (emphasis added). "The reviewing court is not generally empowered to conduct a de novo inquiry into the matter being reviewed," *id.*, and Plaintiffs have no role to play in the agency's compilation of a record, as review is limited to "the administrative record already in existence, not some new record made initially in the reviewing court" by Plaintiffs or anyone else. *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Nat'l Wildlife Fed'n v. Burford*, 871 F.2d 849, 855 (9th Cir. 1989) (court reviews "administrative record in existence *at the time of the decision to act*") (emphasis added); *see San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014) (contrary rule fails to "afford[] sufficient deference to the agency's action").

50 at 2, there is no exigency necessitating addressing any issues Plaintiffs might raise with respect to the administrative record at this time. *See Ctr. for Food Safety v. Vilsack*, No. 11-1310-SC, 2011 WL 5038500, at *3 (N.D. Cal. Oct. 24, 2011) (declining to decide motion to complete the record at summary-judgment stage where movant requested that the court resolve pending motion without halting briefing schedule).

Rather, if the Court denies transfer to the Southern District, and even then only once the Court decides the motion for preliminary injunction, then the next deadline in this case will be for Defendants to answer or otherwise file a responsive pleading 60 days from service (which was February 28, 2019) on April 29, 2019. Absent unforeseen developments, Defendants anticipate moving to dismiss pursuant to Fed. R. Civ. P. 12(b) at that time. Should the Court deny any aspect of that motion, only then would the issue of the administrative record be ripe for adjudication as part of a schedule for resolution of the case on cross-motions for summary judgment. *See, e.g.*, *Gill v. Dep't of Justice*, No. 14-CV-03120-RS (KAW), 2015 WL 9258075, at *4 (N.D. Cal. Dec. 18, 2015) (deciding motion to complete record after answer filed but before motions for summary judgment are decided, over one year after case was initiated); *Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, No. C-06-4884-SI, 2007 WL 3049869, at *1 (N.D. Cal. Oct. 18, 2007) (deciding "motion to complete the administrative record" only when issue of "motion[s] for summary judgment" ripened); *cf.* Local Rules 16-5, 56. Only at that time would it make sense to brief disputes about the contents of the administrative record, assuming Plaintiffs can actually articulate a genuine concern with the record by then.

Accordingly, the Court should not issue any order with respect to Plaintiffs' request for a briefing schedule on Plaintiffs' possible future disputes as to the contents of the administrative record at this time. If the Court ultimately determines not to transfer this case to the Southern District of California and if the Court denies in any part Defendants' forthcoming motion to dismiss, then, and only then, would it be necessary to consider a schedule with respect to Plaintiffs' yet-to-be-filed motion concerning hypothetical disputes about the administrative record as part of a summary judgment schedule.

//

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | JOSEPH H. HUNT<br>Assistant Attorney General |
|  | WILLIAM C. PEACHEY<br>Director |
|  | By: /s/ *Erez Reuveni*<br>EREZ REUVENI<br>Assistant Director<br>Office of Immigration Litigation<br>U.S. Department of Justice, Civil Division<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>Tel: (202) 307-4293<br>Email: Erez.R.Reuveni@usdoj.gov |
|  | PATRICK GLEN<br>Senior Litigation Counsel |
|  | ARCHITH RAMKUMAR<br>T. BENTON YORK<br>Trial Attorneys |
| Dated: March 8, 2019 | *Attorneys for Defendants* |

# CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2019, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the Northern District of California by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Erez Reuveni*
 EREZ REUVENI
 Assistant Director
 United States Department of Justice
 Civil Division

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' OPPOSITION TO MOTION
FOR TEMPORARY RESTRAINING ORDER
*Innovation Law Lab v. Nielsen*,
Case No. 3:19-cv-0807-RS

1