UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INNOVATION LAW LAB, et al.,

Plaintiffs,

v.

KIRSTJEN NIELSEN, et al.,

Defendants.

Case No. 19-cv-00807-RS

**ORDER FOR EXPEDITED FURTHER BRIEFING**

Defendants' opposition to the pending motion for a preliminary injunction leads with a section entitled "Plaintiffs' claims are not justiciable," which is divided into one subsection arguing the challenged matters represent an unreviewable exercise of agency discretion, and a second subsection asserting various specific provisions of the Immigration and Nationality Act (INA) otherwise preclude judicial review. At the hearing, the parties were discouraged from arguing "justiciability" issues, because it was the Court's view the basic arguments against reviewability were not persuasive and that oral argument was unlikely to provide further assistance on those points.

Defendants' recitation of various INA subsections they contend affect reviewability include one sentence invoking 8 U.S.C. §1252(e), which they lump together with 8 U.S.C. §1252(a). As defendants point out, subsection (a) of §1252 limits judicial review determinations made under 8 U.S.C. §1225(b)(1). Because this action involves defendants' invocation of a provision under 8 U.S.C. §1225(b)(2), the reviewability limitations of subsection (a) of §1252 are

not plainly implicated.

Subsection (e)(3) of §1252, in contrast, is entitled "Challenges on validity of the system." It provides:

>   (A) In general
>
>   Judicial review of determinations under section 1225(b) of this title and its implementation is available in an action instituted in the United States District Court for the District of Columbia, but shall be limited to determinations of—
>
>   (i) whether such section, or any regulation issued to implement such section, is constitutional; or
>
>   (ii) whether such a regulation, or a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to implement such section, is not consistent with applicable provisions of this subchapter or is otherwise in violation of law.
>
>   (B) Deadlines for bringing actions
>
>   Any action instituted under this paragraph must be filed no later than 60 days after the date the challenged section, regulation, directive, guideline, or procedure described in clause (i) or (ii) of subparagraph (A) is first implemented.
>
>   (C) Notice of appeal
>   A notice of appeal of an order issued by the District Court under this paragraph may be filed not later than 30 days after the date of issuance of such order.
>
>   (D) Expeditious consideration of cases
>
>   It shall be the duty of the District Court, the Court of Appeals, and the Supreme Court of the United States to advance on the docket and to expedite to the greatest possible extent the disposition of any case considered under this paragraph.

Thus, on its face, subsection (e)(3), unlike subsection (a), is not limited to matters arising under U.S.C. §1225(b)(1), but includes issues under any part of §1225(b). Moreover, it expressly refers to "determinations under section 1225(b) of this title *and its implementation* . . ." (emphasis added). It further specifies that judicial review is available—in United States District Court for the District of Columbia—as to whether a "a regulation, or a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to

1 implement such section, is not consistent with applicable provisions of this subchapter or is

2 otherwise in violation of law." At least at first blush, that appears to describe with great precision

3 the claims plaintiffs are attempting to bring in this case.[1]

4 Defendants' opposition does not clearly point out the potential applicability of this section.

5 The focus of the opposition is on arguments that plaintiffs' claims are not subject to judicial

6 review at all, rather than that they must be heard in United States District Court for the District of

7 Columbia. Where the opposition does mention subsection (e), it argues subsection (e) and

8 subsection (a) *jointly* apply because "Plaintiffs assert they must be placed in expedited removal

9 proceedings, and therefore section 1225(b)(2)(C) cannot be applied to them." Opposition, Dkt. No.

10 42, p. 9, lines 20-21. Not surprisingly, plaintiffs' opposition only attempts to rebut the argument

11 presented—it contends subsection (e) does not foreclose review because they are not in fact

12 contending they must be placed in expedited removal proceedings.  Reply, Dkt. No. 52, p. 2, lines

13 18-21.

14 Unfortunately, this issue did not become crystalized prior to the hearing. Because it

15 arguably goes to jurisdiction, however, it cannot simply be set aside. Accordingly, no later than

16 Noon, Pacific Time, April 3, 2019, plaintiffs and defendants shall each file a supplemental brief

17 not to exceed 10 pages addressing whether or not 8 U.S.C §1252(e)(3) vests exclusive jurisdiction

18 of this matter in the District of Columbia. Both parties should address whether, if the Court

19 concludes jurisdiction lies exclusively in the District of Columbia, it should dismiss this case or

20 order it transferred, and whether or not it may exercise either of those options without further

21 notice. The parties are of course free to stipulate to a disposition in the event they agree that 8

22 U.S.C §1252(e)(3) requires this matter to be brought in the District of Columbia.

---

[1] The title of section 1252 is "Judicial review of orders of removal" and subparagraph (e) is entitled "Judicial review of orders under section 1225(b)(1)." Both of these headings arguably are inconsistent with a conclusion that subparagraph (e)(3) necessarily applies here. Headings, of course, do not ultimately control. If the terms of subparagraph (e)(3) itself plainly vest jurisdiction of this action in the District of Columbia, the headings will not compel a contrary result.

**IT IS SO ORDERED**.

Dated: March 28, 2019

_____
RICHARD SEEBORG
United States District Judge