Judy Rabinovitz*
Michael Tan*
Omar Jadwat*
Lee Gelernt*
Anand Balakrishnan*
Daniel Galindo (SBN 292854)
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
jrabinovitz@aclu.org
mtan@aclu.org
ojadwat@aclu.org
lgelernt@aclu.org
abalakrishnan@aclu.org
dgalindo@aclu.org

Jennifer Chang Newell (SBN 233033)
Katrina Eiland (SBN 275701)
Cody Wofsy (SBN 294179)
Julie Veroff (SBN 310161)
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0770
F: (415) 395-0950
jnewell@aclu.org
keiland@aclu.org
cwofsy@aclu.org
jveroff@aclu.org

Melissa Crow*
SOUTHERN POVERTY LAW CENTER
1101 17th Street NW, Suite 705
Washington, D.C. 20036
T: (202) 355-4471
F: (404) 221-5857
melissa.crow@splcenter.org

*Attorneys for Plaintiffs* (*Additional counsel listed on following page*)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Innovation Law Lab, *et al.*,<br><br>　　　*Plaintiffs*,<br><br>　　　v.<br><br>Kirstjen Nielsen, *et al.*,<br><br>　　　*Defendants*. | CASE NO.: 3:19-CV-00807-RS<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF**<br><br>**Date:** TBD<br>**Time:** TBD<br>**Courtroom:** 3, 17th Floor<br>**Judge:** Hon. Richard Seeborg |

1  Mary Bauer***
   SOUTHERN POVERTY LAW CENTER
2  1000 Preston Avenue
   Charlottesville, VA 22903
3  T: (470) 606-9307
   F: (404) 221-5857
4  *mary.bauer@splcenter.org*

5  Gracie Willis*
   SOUTHERN POVERTY LAW CENTER
6  150 East Ponce de Leon Avenue, Suite 340
   Decatur, GA 30030
7  T: (404) 221-6700
   F: (404) 221-5857
8  *gracie.willis@splcenter.org*

9  Michelle P. Gonzalez***
   SOUTHERN POVERTY LAW CENTER
10 P.O. Box 370037
   Miami, FL 33137-0037
11 T: 786-753-1383
   F: 786-237-2949
12 *mich.gonzalez@splcenter.org*

13 Steven Watt***
   ACLU FOUNDATION HUMAN RIGHTS
14 PROGRAM
   125 Broad Street, 18th Floor
15 New York, NY 10004
   T: (212) 519-7870
16 F: (212) 549-2654
   *swatt@aclu.org*

17

18 *Attorneys for Plaintiffs*

19 *Admitted pro hac vice*
   *\*\*Application for pro hac vice pending*
20 *\*\*\*Pro hac vice application forthcoming*

Sean Riordan (SBN 255752)
Christine P. Sun (SBN 218701)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
T: (415) 621-2493
F: (415) 255-8437
*sriordan@aclunc.org*
*csun@aclunc.org*

Blaine Bookey (SBN 267596)
Karen Musalo (SBN 106882)
Eunice Lee (SBN 316237)
Kathryn Jastram (SBN 127625)
Sayoni Maitra***
CENTER FOR GENDER & REFUGEE
STUDIES
200 McAllister St.
San Francisco, CA 94102
T: (415) 565-4877
F: (415) 581-8824
*bookeybl@uchastings.edu*
*musalok@uchastings.edu*
*leeeunice@uchastings.edu*
*jastramkate@uchastings.edu*
*maitras@uchastings.edu*

21

22

23

24

25

26

27

28

**INTRODUCTION**

The Court ordered supplemental briefing regarding whether "8 U.S.C § 1252(e)(3) vests exclusive jurisdiction of this matter in the District of Columbia"; and, if so, whether the case should be transferred. *See* Doc. No. 68 at 3 ("Order"). As explained below, there is no § 1252(e)(3) jurisdiction over this case because it challenges the implementation of 8 U.S.C § 1225(b)(2), and § 1252(e)(3) reaches only 8 U.S.C § 1225(b)(1). *See* Section I. However, if the Court concludes that Congress intended § 1252(e)(3) to encompass a § 1225(b)(2) suit like this one, Congress did not intend such jurisdiction to be exclusive. *See* Section II. Finally, if the Court decides § 1252(e)(3) vests exclusive jurisdiction over this case in the District of Columbia, it must transfer the case. *See* Section III.

**ARGUMENT**

**I.      Section 1252(e)(3) Does Not Extend Beyond Expedited Removal.**

Section 1252(e)(3) does not grant jurisdiction over non-expedited removal cases like this one. To be sure, as this Court noted, subsection (e)(3) refers to "determinations under section 1225(b)" rather than determinations under § 1225(b)(1). But the remainder of § 1252, the case law interpreting subsection (e)(3), the provision's legislative history, and the government's consistent understanding all indicate that Congress intended its scope to reach only expedited removal issues, and that the omission of "(1)" was merely a drafting or scrivener's error. Thus, this Court's jurisdiction is not impacted by subsection (e)(3), as Plaintiffs' claims concern the implementation of § 1225(b)(2), not § 1225(b)(1).

As an initial matter, the "statutory context," *Kucana v. Holder*, 558 U.S. 233, 245 (2010), indicates that § 1252(e)(3) addresses only "[c]hallenges" to the "validity of the" *expedited removal* "system," 8 U.S.C. § 1252(e)(3). Considered together, the entirety of the interlocking set of provisions surrounding subsection (e)(3) is directed single-mindedly towards expedited removal. *See* 8 U.S.C. § 1252(a)(1) (carving out review of expedited removal orders from general provision governing review of final orders of removal); *id*. § 1252(a)(2)(A) (limiting review over various aspects of expedited removal, except as provided in subsection (e)); *id*. § 1252(e)(1) (establishing certain limitations with regard to expedited removal litigation); *id*. § 1252(e)(2) (establishing limited

1

habeas review over expedited removal); *id*. § 1252(e)(4), (e)(5) (specifying scope of inquiry and remedy available in habeas with regard to expedited removal orders).  It "would be passing strange," *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 63 (2004), for Congress to have—for no apparent reason—embedded a significantly broader review provision as a subcomponent of a scheme otherwise focused, laser-like, only on expedited removal.

As this Court observed, Order at 3 n.1, the titles Congress chose further indicate that it understood the entire subsection (e) review regime to be about expedited removal.  Subsection (e), of which (e)(3) is part, is entitled "Judicial review of orders under section 1225(b)(1)," the expedited removal statute.  And subsection (e)(3) is entitled "Challenges on validity of *the system*"—a reference to the expedited removal system.[1]  While not conclusive, titles "'can aid in resolving an ambiguity in the legislation's text,'" and here they "provide supporting evidence for the inference" that Congress addressed only expedited removal.  *U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 458 (1993) (quoting *INS v. Nat. Ctr for Immigrants' Rights, Inc., 502 U.S. 183, 189 (1991)*); *see also Yates v. United States*, 135 S. Ct. 1074, 1083 (2015).

While Plaintiffs are aware of no case deciding this precise issue, court decisions addressing subsection (e)(3) in general have uniformly expressed the understanding that it speaks specifically to expedited removal.  The Ninth Circuit, for example, recently explained that under subsection (e)(3) "a person may challenge the constitutionality and legality *of the expedited removal provisions . . . .*" *See Thuraissigiam v. DHS*, 917 F.3d 1097, 1101 n.3 (9th Cir. 2019) (emphasis added).[2]  Likewise, the U.S. District Court for the District of Columbia—specified by statute as the venue for an (e)(3) action—described the provision as permitting "[c]hallenges [to the] validity of *the [expedited removal] system*." *Grace v. Whitaker*, 344 F. Supp. 3d 96, 115 (D.D.C. 2018) (alterations in original,

---

[1] "The system" cannot logically describe the collection of provisions found in § 1225(b).  Subsection (b)(1) establishes the expedited removal system, with its particular procedural mechanisms.  Subsection (b)(2) addresses other applicants for admission who are not subject to the expedited removal system.  Rather, those other individuals are subject to a different system—the ordinary removal system—which itself is established and overwhelmingly governed by statutes outside of § 1225(b).  *See* 8 U.S.C. § 1229a.  "The system" as a title for subsection (e)(3) only makes sense as a reference to the expedited removal system.

[2] *See also, e.g.*, *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1087 n.10 (9th Cir. 2011) (statute addresses "general challenges to expedited removal proceedings"); *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1141 n.5 (9th Cir. 2008) (statute "allows a systemic challenge to the expedited removal process").

1   emphasis added, internal quotation marks omitted); *see id*. at 108 (explaining that (e)(3) provides for

2   "a systemic challenge to the legality of . . . the expedited removal process").

3          The legislative history further bolsters the inference that subsection (e)(3) speaks only to

4   expedited removal issues.  The Illegal Immigration Reform and Immigrant Responsibility Act of

5   1996 (IIRIRA) conference report explains that the provision "provides for limited judicial review of

6   the validity of procedures *under section [1225](b)(1)*," the expedited removal statute.  H.R. Conf.

7   Rep. No. 104–828 at 220, 104th Cong., 2nd Sess. 1996 (emphasis added); *see also id*. ("Section

8   [1252](e) provides rules for judicial review of orders of removal under section [1225](b)(1).").  The

9   report further states that "[s]ection [1252](e)(3) provides that judicial review is . . . limited to

10  whether section [1225](b)(1), or any regulations issued pursuant to that section," are lawful.  *Id*.

11  Notably IIRIRA, including subsection (e)(3), was passed into law as "part of an omnibus enactment

12  that occupies 750 pages in the Statutes at Large."  *Reno v. Am.-Arab Anti-Discrimination Comm.*,

13  525 U.S. 471, 498 (1999) (Stevens, J., concurring in the judgment).  Given the length and

14  complexity, it "is not surprising that it contains a scrivener's error."  *Id*.

15         Finally, the government's own briefing in other cases reflects the same understanding that

16  subsection (e)(3) is about—and only about—expedited removal.  *See* Defendants' Opposition to

17  Plaintiffs' Cross-Motion for Summary Judgment and Reply in Support of its Motion for Summary

18  Judgment at 9, *Grace v. Whitaker*, 344 F. Supp. 3d 96 (D.D.C. 2018) (No. 18-cv-1853), ECF No. 85

19  (describing subsection (e)(3) as "a mechanism intended solely for systemic challenges to the

20  expedited removal system"); Defendants' Opposition to Plaintiffs' Request for a Preliminary

21  Injunction at 19-20, *Grace*, 344 F. Supp. 3d 96 (No. 18-cv-1853), ECF No. 16 ("[T]he text of section

22  1252(e)(3) requires that any policy directive, guideline, or procedure be issued 'to implement'

23  section 1225(b)(1)."); Supplemental Brief in Support of Defendants' Motion to Transfer Venue at

24  10-11, *M.M.M. v. Sessions*, 319 F. Supp. 3d 290 (D.D.C. 2018) (No. 18-cv-1759), ECF No. 19 ("By

25  its plain an[d] unambiguous terms, a Plaintiff seeking to invoke this provision must be subject to a

26  'determination,' . . . that is a final decision that [he is] inadmissible and subject to expedited

27  removal"); Defendants' Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion

28  for Class Certification at 11, *O.A. v. Trump*, No. 18-cv-2718 (D.D.C. Feb. 25, 2019), ECF No. 65

("Under this binary framework, a Plaintiff is *either* in expedited proceedings and subject to the limitations on judicial review in 8 U.S.C. § 1252(e)(3), *or* in full proceedings under section 1229a and subject to [other provisions of section 1252]").

"There is no canon against using common sense in construing" a statute. *Koons Buick Pontiac GMC*, 543 U.S. at 63 (internal quotation marks and alteration omitted). And here "[t]here is scant indication that Congress meant" to have challenges to contiguous territory policies fall within the scope of subsection (e)(3). *Id.* Although the citation to section 1225(b) rather than (b)(1) "points in one direction, all of the other evidence from the statute points the other way." *U.S. Nat. Bank of Oregon*, 508 U.S. at 455. In light of all the indications that Congress intended to include only expedited removal litigation in subsection (e)(3), the Court should hold that this case falls outside the scope of subsection (e)(3). *Cf. Amalgamated Transit Union Local 1309, AFL-CIO v. Laidlaw Transit Servs., Inc.*, 435 F.3d 1140, 1145 (9th Cir. 2006) (agreeing with Tenth Circuit that statute contained "a 'typographical error,' and the word 'less' should be read as 'more'") (quoting *Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1093 n.2 (10th Cir. 2005)); *Nat. Ctr. for Immigrants' Rights*, 502 U.S. at 189 (holding that text's "reference to 'employment' should be read as a reference to the '*unauthorized* employment' identified in the paragraph's title"); *U.S. Nat. Bank of Oregon*, 508 U.S. at 455-58 (relying in part on structure and titles to reject literal reading).[3]

## II.     In The Alternative, Section 1252(e)(3) Is Not Exclusive.

Even if jurisdiction over the claims raised in this case exists in the District of Columbia under 8 U.S.C. § 1252(e)(3), it would not be exclusive of this Court's jurisdiction. Congress paired

---

[3] The government may argue that, even if subsection (e)(3) reaches only claims regarding the implementation of expedited removal, one of the claims in this case does fall within its terms—namely, Plaintiffs' claim that the contiguous territory provision cannot be applied to those who are subject to the expedited removal statute. But that claim, like the other claims, is a challenge to the implementation of the contiguous territory provision, and subsection (e)(3) addresses only the implementation of expedited removal, not every case that touches on expedited removal in some way. *See, e.g., E. Bay Sanctuary Covenant v. Trump*, 349 F. Supp. 3d 838, 867 (N.D. Cal. 2018) (rejecting "the proposition that any rule of asylum eligibility that may be applied in expedited removal proceedings is swallowed up by § 1252(e)(3)'s limitations"). Given Defendants' continued expansion of the forced return policy, *see* ECF No. 69, and the serious, ongoing, and irreparable harm Plaintiffs are suffering because of the policy, expeditious resolution of Plaintiffs' request for a preliminary injunction is of paramount importance. Therefore, if this Court decides that Plaintiffs' claim that the contiguous territory provision does not apply to anyone subject to expedited removal should be brought in the District of Columbia, Plaintiffs would withdraw that claim from their motion for preliminary injunction.

§ 1252(e)(3), which is a *grant* of jurisdiction, with a corresponding jurisdiction-stripping provision, § 1252(a)(2)(A).  But while subsection (e)(3) refers to 8 U.S.C. § 1225(b), subsection (a)(2)(A), the jurisdiction stripping provision, refers only to 8 U.S.C. § 1225(b)(1)—the expedited removal statute.  If the Court determines that the reference to § 1225(b) in § 1252(e)(3) is not a mistake, the only reasonable way to understand the statute is that Congress granted jurisdiction in the District of Columbia over a § 1225(b)(2) action in subsection (e)(3), but refused to strip such jurisdiction from other courts in subsection (a)(2)(A).  Thus, subsection (e)(3) is not exclusive as to a § 1225(b)(2) case like this one.

Subsection (e)(3) by its terms is a grant of judicial review.  8 U.S.C. § 1252(e)(3) ("Judicial review . . . is available . . .").  Certainly, if Congress had intended subsection (e)(3), standing alone, to be exclusive, it "could easily have said so," but it did not.  *Kucana*, 558 U.S. at 248.  Indeed, in "other provisions enacted simultaneously" with (e)(3), *id.*, Congress used language indicating exclusive jurisdiction under particular circumstances, *see, e.g.*, 8 U.S.C. § 1252(b)(9) ("Judicial review . . . shall be available *only* in judicial review of a final order under this section.") (emphasis added); 8 U.S.C. § 1252(a)(1) (similar).[4]  "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion."  *Kucana*, 558 U.S. at 249 (quoting *Nken v. Holder,* 556 U.S. 418, 430 (2009)).

The conclusion that subsection (e)(3) would not be exclusive is strongly reinforced by the context and structure of § 1252.  *See Kucana*, 558 U.S. at 245 ("In reading a statute we must not look merely to a particular clause, but consider in connection with it the whole statute.") (quoting *Dada v. Mukasey*, 554 U.S. 1, 16 (2008)).  Section (e)(3) was enacted to work in tandem with § 1252(a)(2) which sets out "Matters not subject to judicial review," and specifically subsection (a)(2)(A), which sets forth certain types of matters "relating to section 1225(b)(1)"—the provision authorizing expedited removal—which are "not subject to judicial review" "except as provided in subsection (e)."  Critically, however, § 1252(a)(2)(A) says nothing about *eliminating* judicial review

---

[4] *See also* 8 U.S.C. § 1252(a)(5) (subsequently added provision providing that "a petition for review . . . shall be the *sole and exclusive* means for judicial review") (emphasis added); *id*. § 1252(a)(4) (similar).

PLAINTIFFS' SUPPLEMENTAL BRIEF
CASE NO. 3:19-cv-00807-RS

over claims related to § 1225(b)(2), the statute at issue in this case.  In other words, assuming Congress meant subsection (e)(3) to encompass a § 1225(b)(2) action, it pointedly declined to strip jurisdiction over such actions in other courts by referring only to § 1225(b)(1) in the jurisdiction stripping § 1252(a)(2)(A).  Again, such "disparate inclusion or exclusion" must be deemed meaningful if subsection (e)(3) was not drafted in error.  *Kucana*, 558 U.S. at 249.  And the implication is clear: If Congress established jurisdiction in the District of Columbia over a § 1225(b)(2) case, it did not make it exclusive.[5]

Finally, the Court must resolve any doubts and ambiguities in favor of its jurisdiction over this case.  As the Ninth Circuit has explained, the "general rule" is that courts "resolve any ambiguities in a jurisdiction-stripping statute in favor of the narrower interpretation."  *Arce v. United States*, 899 F.3d 796, 801 (9th Cir. 2018) (per curiam) (quoting *ANA Int'l, Inc. v. Way*, 393 F.3d 886, 894 (9th Cir. 2004)).  And it has warned that courts "must be careful not to read broadly language in the INA affecting court jurisdiction that is subject to a 'much narrower' interpretation."  *Kwai Fun Wong v. United States*, 373 F.3d 952, 963 (9th Cir. 2004); *see id.* ("[W]e have recognized that [a] jurisdictional bar is not to be expanded beyond its precise language.").  Here, the narrow interpretations—that subsection (e)(3) does not reach the contiguous territory provision, or that if it does such jurisdiction is not exclusive—are the best ones.

## III.   If This Court Determines It Lacks Jurisdiction, It Must Transfer The Case.

The Court further directed the parties to brief "whether, if the Court concludes jurisdiction lies exclusively in the District of Columbia, it should dismiss this case or order it transferred."  Order at 3.  If the Court concludes it lacks jurisdiction over this case, it must transfer to the District of Columbia.

28 U.S.C. § 1631 provides for transfer of a civil case where "there is a want of jurisdiction" in the original venue.  "A case is 'transferable'" if "(1) the transferee court would have been able to

---

[5] Assuming an action could be brought under subsection (e)(3), it would not be an adequate replacement for an APA action in this Court.  As already explained, *see supra* Section I, "the jurisdiction of the [District of Columbia] to entertain the action . . . would be at least doubtful."  *Bowen v. Massachusetts*, 487 U.S. 879, 905 (1988); *see also id.* at 905 n.42.  And "[t]he Supreme Court has repeatedly upheld an aggrieved party's prompt access to the district court when it provides greater redress and broader opportunity to develop a claim than is available in a more limited statutory scheme."  *Chang v. United States*, 327 F.3d 911, 923 (9th Cir. 2003).

exercise its jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interest of justice." *Trejo-Mejia v. Holder*, 593 F.3d 913, 915 (9th Cir. 2010) (internal quotation marks omitted). Where all three requirements are satisfied, transfer is mandatory. *See In re McCauley*, 814 F.2d 1350, 1352 (9th Cir. 1987) (noting "the mandatory cast of section 1631's instructions"); *Ruiz v. Mukasey*, 552 F.3d 269, 273 (2d Cir. 2009) ("we are required to transfer a case to another court" if it is transferable).

If the Court determines that the District of Columbia has jurisdiction over this case and that this Court lacks such jurisdiction, the first two requirements would be satisfied. Under those circumstances, transfer would also clearly be in the interests of justice. "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 919 (9th Cir. 2004) (internal quotation marks omitted). Nor is there any dispute here that Plaintiffs "acted in good faith" in filing this action in this district. *Id*. Indeed, due to "the uncertain nature of jurisdiction in this area, . . . filing . . . in the wrong court is understandable and transfer to the proper forum is particularly appropriate." *Id*. (internal quotation marks and alterations omitted).

Importantly, moreover, 8 U.S.C. § 1252(e)(3) includes a 60-day filing deadline. The government may argue, if the case is dismissed and refiled rather than transferred, that the claims in this suit would be time-barred. "Because the purpose of the transfer statute is to aid litigants who were confused about the proper forum for review, a [suit] that would be time-barred without a transfer satisfies the interest of justice test." *Baeta v. Sonchik*, 273 F.3d 1261, 1264 (9th Cir. 2001) (internal quotation marks omitted). For these reasons, if the Court decides it lacks jurisdiction, it must transfer the case. Critically, however, the Court should make clear in its transfer order that it would have jurisdiction if the District of Columbia courts decide they lack jurisdiction, thereby facilitating transfer back to this Court without the need to refile this case.[6]

---

[6] The Court also requested briefing regarding "whether or not it may exercise either of those options without further notice." Order 3. The government has received notice of the possibility of a transfer, and would not be prejudiced by one, so the Court may order transfer without further notice. Should the Court be inclined to dismiss the case rather than transfer, Plaintiffs respectfully request an opportunity to more fully brief the issue because of the prospect that the government could argue that due to the sixty-day filing limit they would be left without any venue to raise their claims.

PLAINTIFFS' SUPPLEMENTAL BRIEF
CASE NO. 3:19-cv-00807-RS

Dated: April 3, 2019

Jennifer Chang Newell (SBN 233033)
Katrina Eiland (SBN 275701)
Cody Wofsy (SBN 294179)
Julie Veroff (SBN 310161)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-1198
F: (415) 395-0950
*jnewell@aclu.org*
*keiland@aclu.org*
*cwofsy@aclu.org*
*jveroff@aclu.org*

Melissa Crow*
SOUTHERN POVERTY LAW CENTER
1101 17th Street NW, Suite 705
Washington, D.C. 20036
T: (202) 355-4471
F: (404) 221-5857
*melissa.crow@splcenter.org*

Mary Bauer***
SOUTHERN POVERTY LAW CENTER
1000 Preston Avenue
Charlottesville, VA 22903
T: (470) 606-9307
F: (404) 221-5857
*mary.bauer@splcenter.org*

Gracie Willis*
SOUTHERN POVERTY LAW CENTER
150 East Ponce de Leon Avenue, Suite 340
Decatur, GA  30030
T:  (404) 221-6700
F:  (404) 221-5857
*gracie.willis@splcenter.org*

Respectfully submitted,

/s/ *Judy Rabinovitz*

Judy Rabinovitz*
Michael Tan*
Omar Jadwat*
Lee Gelernt*
Anand Balakrishnan*
Daniel Galindo (SBN 292854)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*jrabinovitz@aclu.org*
*mtan@aclu.org*
*ojadwat@aclu.org*
*lgelernt@aclu.org*
*abalakrishnan@aclu.org*
*dgalindo@aclu.org*

Sean Riordan (SBN 255752)
Christine P. Sun (SBN 218701)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
T: (415) 621-2493
F: (415) 255-8437
*sriordan@aclunc.org*
*csun@aclunc.org*

*Attorneys for Plaintiffs* (*Additional counsel
listed on following page*)

Michelle P. Gonzalez***
SOUTHERN POVERTY LAW CENTER
P.O. Box 370037
Miami, FL 33137-0037
T: 786-753-1383
F: 786-237-2949
mich.gonzalez@splcenter.org

Steven Watt***
ACLU FOUNDATION HUMAN RIGHTS
PROGRAM
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 519-7870
F: (212) 549-2654
swatt@aclu.org

Attorneys for Plaintiffs

*Admitted pro hac vice
**Application for pro hac vice pending
***Pro hac vice application forthcoming

Blaine Bookey (SBN 267596)
Karen Musalo (SBN 106882)
Eunice Lee (SBN 316237)
Kathryn Jastram (SBN 127625)
Sayoni Maitra***
CENTER FOR GENDER & REFUGEE
STUDIES
200 McAllister St.
San Francisco, CA 94102
T: (415) 565-4877
F: (415) 581-8824
bookeybl@uchastings.edu
musalok@uchastings.edu
leeeunice@uchastings.edu
jastramkate@uchastings.edu
maitras@uchastings.edu