JOSEPH H. HUNT
*Assistant Attorney General*
SCOTT G. STEWART
*Deputy Assistant Attorney General*
WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section
EREZ REUVENI
*Assistant Director*
PATRICK GLEN
*Senior Litigation Counsel*
T. BENTON YORK
*Trial Attorney*
ARCHITH RAMKUMAR
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8060
Archith.Ramkumar@usdoj.gov

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Innovation Law Lab, *et al.*, | Civil Action No. 3:19-cv-0807-RS |
| Plaintiffs, | **DEFENDANTS' MOTION TO STAY PROCEEDINGS** |
| v. | |
| Kirstjen Nielsen, *et al.*, | |
| Defendants. | |

## INTRODUCTION

Defendants hereby move to stay the district court proceedings in this case pending resolution of Defendants' appeal of this Court's Order granting Plaintiffs' motion for a preliminary injunction. *See* Dkt. 73. Plaintiffs have indicated that they oppose this motion.

Staying this case would promote the orderly course of justice. As explained below, the only remaining issues in this case are purely legal questions that can be resolved based upon the already-formed and certified administrative record. The decision by the Court of Appeals granting Defendants' motion to stay this Court's preliminary injunction pending appeal, *see Innovation Law Lab v. McAleenan*, --F.3d--, No. 19-15716, 2019 WL 2005745 (9th Cir. May 7, 2019), already provides substantial guidance to this Court and the parties in resolving those questions, and confirms that the ultimate decision rendered by the Ninth Circuit resolving the appeal will similarly concern the exact same legal issues at issue in the district court litigation. Proceeding in the absence of that guidance would be inefficient and waste the resources of both the Court and the parties. Absent a stay of district court proceedings, the parties will be simultaneously litigating the same merits issues in both this Court and in the Ninth Circuit, resulting in wasteful and duplicative litigation. Moreover, because the Ninth Circuit has already granted Defendants' motion for a stay, Plaintiffs will suffer no prejudice from a stay in this forum, as the only relief Plaintiffs could obtain with respect to the preliminary injunction must come from the Ninth Circuit, not this Court. In addition, the appeal is proceeding on an expedited briefing schedule, *see Innovation Law Lab et al. v. Kevin McAleenan et al.*, No. 19-15716, Dkt. 2 (9th Cir. Apr. 11, 2019), and briefing will conclude by early July. Accordingly, this Court should stay proceedings pending a final ruling from the Ninth Circuit on Defendants' appeal of the preliminary injunction.

## BACKGROUND

### A. District Court Proceedings

Plaintiffs filed their Complaint in this case on February 14, and shortly thereafter, filed a motion for a Temporary Restraining Order on February 20 seeking to enjoin the Migrant Protection Protocols (MPP). *See* Dkts. 1, 20. The parties subsequently agreed to convert

1   Plaintiffs' motion into "a motion for a preliminary injunction," Dkt. 31 at 1.  Thereafter,

2   Defendants filed the certified administrative record governing this case.  *See* Dkt. 43.  After

3   briefing and oral argument on Plaintiffs' motion for a preliminary injunction, this Court granted

4   Plaintiffs' motion for a preliminary injunction on April 5, and ordered that the injunction go into

5   effect at 5:00 P.M. Pacific Standard Time on April 12.  *See* Dkt. 73 at 27.

6          B.  Proceedings in the Court of Appeals

7          On April 10, 2019, Defendants filed a notice of appeal from this Court's order issuing a

8   preliminary injunction.  *See* Dkt. 75.  The Ninth Circuit initially set a deadline of May 8, 2019

9   for Defendants to file their opening brief.  *See Innovation Law Lab et al. v. Kevin McAleenan et*

10  *al.*, No. 19-15716, Dkt. 2 (9th Cir. Apr. 11, 2019).  Thereafter, Defendants "exercise[d] their

11  right to seek a stay from the Court of Appeal[s]," Dkt. 73 at 26, and obtained an administrative

12  stay of the preliminary injunction pending consideration of Defendants' motion to stay.  *See*

13  *Innovation Law Lab et al. v. Kevin McAleenan et al.*, No. 19-15716, Dkt. 6 (9th Cir. Apr. 12,

14  2019).

15         After full briefing and oral argument on Defendants' motion to stay, on May 7, in a

16  published opinion, the Ninth Circuit granted Defendants' motion to stay.  *See Innovation Law*

17  *Lab*, 2019 WL 2005745, at *4.  The Ninth Circuit noted that its analysis "turn[ed] largely on the

18  plaintiffs' likelihood of success on their claim that the MPP lacks statutory authorization," and

19  found, after a thorough analysis, that Defendants are "likely to prevail" on their "contention" that

20  MPP is statutorily authorized.  *Id.* at *1, *4.  The Ninth Circuit further found that Defendants are

21  "likely to prevail" on their claim that MPP is a "general statement[] of policy" that is "exempt[]

22  from the notice-and-comment requirement."  *Id.* at *4.  These two claims were the "only" claims

23  that "could justify a nationwide injunction halting the implementation of MPP on a wholesale

24  basis."  *Id.*  "The remaining factors governing issuance of a stay pending appeal" also

25  "weigh[ed] in the government's favor," as the Ninth Circuit found that Defendants are "likely to

26  suffer irreparable harm absent a stay because the preliminary injunction takes off the table one of

27  the few congressionally authorized measures available to process the approximately 2,000

28

migrants who are currently arriving at the Nation's southern border on a daily basis." *Id.* The same was true of the "other two" stay "factors." *Id.*

In the course of granting Defendants' motion for a stay, the Ninth Circuit also altered the briefing deadlines applicable to the appeal of the underlying injunction. Defendant's opening brief in the Ninth Circuit is now due May 22, 2019; Plaintiffs' answering brief is due June 19, 2019, and Defendants' reply brief is due July 10, 2019. *See Innovation Law Lab et al. v. Kevin McAleenan et al.*, No. 19-15716, Dkt. 20 (9th Cir. Apr. 26, 2019).

## ARGUMENT

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Ninth Circuit has described various factors that should be considered when evaluating a motion to stay proceedings:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 266, 268 (9th Cir. 1962). All of the aforementioned factors warrant a stay of proceedings in this Court pending resolution of the appeal.

*First*, and foremost, a stay would serve "the orderly course of justice" by "simplifying" or resolving central and potentially dispositive issues in this litigation. *Id.* The Ninth Circuit's decisions, both in considering and resolving Defendants' motion to stay, as well as the ultimate outcome of the appeal, materially affect how this case proceeds in this Court. This Court held that the Plaintiffs were likely to succeed on their claims that: (1) MPP violates the Administrative Procedure Act (APA) because the contiguous return provision elucidated in 8 U.S.C. § 1225(b)(2)(C) could not be applied to the individual plaintiffs; (2) MPP violates the APA because it does not contain sufficient procedures to safeguard against *non-refoulement* concerns; and (3) MPP

1    violates the APA because it was promulgated without notice and comment.  *See* Dkt. 73
2    at 12-24.

3         These are the same issues the Ninth Circuit considered in issuing its holding
4    granting Defendants' motion to stay.  *See Innovation Law Lab*, 2019 WL 2005745, at *4
5    ("DHS is likely to prevail on its contention …. Under that reading of the statute,
6    § 1225(b)(1) does not apply to an applicant who is processed under § 1225(b)(2)(A) ….
7    As a result, applicants for admission who are placed in regular removal proceedings
8    under § 1225(b)(2)(A) may be returned to the contiguous territory from which they
9    arrived under § 1225(b)(2)(C)."); *id.* ("The plaintiffs have advanced only one other claim
10   that could justify a nationwide injunction … that the MPP should have gone through the
11   APA's notice-and-comment process.  DHS is likely to prevail on this claim as well, since
12   'general statements of policy' are exempted from the notice-and-comment
13   requirement.").  And these identical issues will also be litigated in more detail once the
14   parties file their opening, response, and reply briefs on appeal.  To have the parties
15   continue to proceed in this forum and, in particular, to have Defendants prepare their
16   motion to dismiss on the exact same merits issues would be an unnecessary waste of
17   judicial resources when the Ninth Circuit is slated to soon definitively resolve these
18   issues.  Other courts in this District have granted similar stays when an appeal of a
19   preliminary injunction is pending before the Court of Appeals.  *See, e.g.*, *Kuang v. Dep't*
20   *of Def.*, No. 18-cv-03698-JST, 2019 WL 1597495, at *6 (N.D. Cal. Apr. 15, 2019) ("DoD
21   asserts that its interlocutory appeal contains issues that may dispose of the case or
22   significantly reshape the merits.  The Court agrees …. [even] an appellate ruling that
23   leaves in place a preliminary injunction may nonetheless resolve intermediate issues in a
24   manner that simplifies further proceedings.").

25        Two critical factors assure that a stay serves the orderly course of justice.  One is
26   that the "central legal issue" in this case "presents an issue of pure statutory
27   interpretation"—the construction of 8 U.S.C. § 1225(b)(2)(C).  *East Bay Sanctuary*
28   *Covenant v. Trump*, No. 18-cv-06810-JST, 2019 WL 1048238, at *2 (N.D. Cal. Mar. 5,

2019).  As the Ninth Circuit confirmed, "[t]he primary interpretive question" at issue in this litigation is "straightforward" and a pure question of statutory interpretation. *Innovation Law Lab*, 2019 WL 2005745, at *2.  Because the central issue in this case is completely legal, "[a]bsent contrary guidance" this Court "is unlikely to depart from its own conclusions on these issues."  *East Bay*, 2019 WL 1048238, at *2; *see also Kuang*, 2019 WL 1597495, at *7 (noting that stay was warranted because "the critical issues are purely legal").  Similarly, this Court's conclusion that that plaintiffs are likely to succeed on their "notice and comment" claims, Dkt. 73 at 23, turns on a pure legal question of whether MPP is a "general statement of policy" or not.  *Innovation Law Lab*, 2019 WL 2005745, at *4. Indeed, for purposes of this stay motion, *East Bay* involved identical factual circumstances: the entry of a preliminary injunction, "interlocutory appeal" of that injunction based on the same "record [that] is also now before the Ninth Circuit on appeal," with the "central legal issue" on appeal involving "an issue of pure statutory interpretation."  2019 WL 1048238, at *1-*3.  This Court should, like the court in *East Bay*, "stay proceedings" pending the resolution of the appeal.  *Id.* at *1.

Other courts have similarly found that where, as here, the core issues are purely legal, a stay pending appeal is warranted.  *See United States v. California*, No. 2:18-cv-490, Dkt. 214 (E.D. Cal. Oct. 19, 2018) (granting a stay of proceedings in district court pending the resolution of an appeal of a preliminary ruling when the appeal would likely resolve several legal questions before the court); *Washington v. Trump*, No. 2:17-cv-141, ECF 189 (W.D. Wash. May 17, 2017) (granting a stay when the Ninth Circuit was considering a preliminary injunction appeal in a case challenging the same action); *Texas v. United States*, No. 1:14-cv-254, ECF 271 (S.D. Tex. June 11, 2015) (granting a stay of district court proceedings pending a preliminary injunction appeal of APA claims).

A second factor is that "this is an administrative record case" and the same administrative record "was before [this] Court when it issued its preliminary injunction" and will be "before the Ninth Circuit on appeal."  *East Bay*, 2019 WL 1048238, at *3.

"Given the legal nature of the issues presented and the relatively fixed state of the record … the Ninth Circuit's resolution of the pending appeal will provide significant, and possibly conclusive, guidance as to the appropriate disposition on the merits." *East Bay*, 2019 WL 1048238, at *3 (internal quotation omitted).  With such forthcoming and imminent guidance from the Ninth Circuit on pure questions of law, guidance that has already been issued to a degree in the Ninth Circuit's decision to stay the preliminary injunction pending appeal, a stay best serves both parties.  *See Martinez v. City of Pittsburg*, No. 17-cv-04246, 2019 WL 1491676, at *2 (N.D. Cal. Apr. 4, 2019) (Seeborg, J.) (granting motion to stay to avoid "tremendous waste of judicial resources").

Plaintiffs have contended that district court proceedings should move forward and that they are "entitled to limited discovery" "with regard to details of the agency procedures governing the assessment of fear of return to Mexico" as well as the "completeness of the administrative record." Dkt. 84 at 2.  Proceeding with such discovery prior to the completion of appellate proceedings in the Ninth Circuit, however, is the quintessential example of a waste of judicial resources, because the scope of any discovery necessarily depends upon what, if any, merits issues remain in the case, a question that the Ninth Circuit will definitively answer.

Other courts in this District have relied on this very consideration in staying proceedings.  *See Kuang*, 2019 WL 1597495, at *6 ("DoD asserts that its interlocutory appeal contains issues that may dispose of the case or significantly reshape the merits. The Court agrees.").  Specifically, once the Ninth Circuit rules, and once Defendants move to dismiss in this Court, all of the claims Plaintiffs purport to need discovery on may well be obviated from the case.[1]  It is precisely for this reason that the "Ninth Circuit condones the suspension of motions for leave to conduct discovery where there are pending motions to dismiss," as " '[t]he purpose of F.R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves

---

[1] To be clear, because this is an APA case, Defendants firmly believe that discovery should be confined to the administrative record, *see Camp v. Pitts*, 411 U.S. 138, 142 (1973), but further note that any discovery into the completeness of the administrative record is a similarly fruitless exercise until it can be determined whether any of Plaintiffs' APA claims survive Defendants' forthcoming motion to dismiss.

DEFENDANTS' MOTION TO STAY PROCEEDINGS
*Innovation Law Lab v. Nielsen*,
Case No. 3:19-cv-0807-RS

to discovery.'" *WildEarth Guardians v. U.S. Forest Serv.*, No. CV-10-00385, 2011 WL 11717437, at *1 (D. Ariz. Apr. 26, 2011) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)); *see also* Local Rule 16-5 (noting that in cases involving "review on an administrative record, the defendant must serve and file an "answer" before the "plaintiff must file a motion for summary judgment"). It follows, *a fortiori*, that if "a motion may be decided without the expense of discovery, and if resolution of that motion may limit or eliminate the discovery needed, discovery should be stayed pending resolution of the motion." *WildEarth*, 2011 WL 11717437, at *1. This is especially true because, as noted, "the issues before the Court are purely questions of law that are potentially dispositive." *Ministerio Roca Solida v. U.S Dept. of Fish & Wildlife*, 288 F.R.D. 500, 504 (D. Nev. 2013); *see also Al Otro Lado, Inc. v. Nielsen*, No. 3:17-cv-02366, 2018 WL 679483, at *3 (S.D. Cal. Jan. 31, 2018). And although Plaintiffs aver that they are entitled to probe the completeness of the administrative record, they have provided no basis to rebut the "presumption of administrative regularity" that the administrative record is entitled to. *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007) (Seeborg, J.); *see also* Dkt. 43. In sum, proceeding with any discovery prior to the resolution of the appeal of the preliminary injunction and Defendants' forthcoming motion to dismiss is highly inefficient and flouts all notions of judicial economy.

*Second*, a stay will eliminate the "hardship or inequity" that the parties would otherwise suffer in "being required to go forward" without definite guidance from the Ninth Circuit. *CMAX, Inc.*, 300 F.2d at 268. Just as the Court would devote time and resources to proceeding, so too the parties would devote their own resources to litigating issues that are in the process of being clarified by the Ninth Circuit.

*Third*, Plaintiffs will not suffer any harm from a stay by this Court. As noted, because the Ninth Circuit has stayed the preliminary injunction pending the conclusion of appellate proceedings, a stay in this forum would not prejudice Plaintiffs, because the only way for Plaintiffs to reinstate the preliminary injunction is to obtain that relief from

1   the Ninth Circuit, not this Court.  The "length" of any stay is thus "mitigated by the lack

2   of identified prejudice to Plaintiffs."  *Kuang*, 2019 WL 1597495, at *4.  And though

3   Plaintiffs may invoke the general "admonition not to delay trial preparation to await an

4   interim ruling on a preliminary injunction," those concerns "carry less force where," as

5   here, "the critical issues are purely legal and the full administrative record is on appeal."

6   *Id.* at *6; *East Bay*, 2019 WL 1048238, at *2.

7          *Finally*, a stay is in the public interest because it preserves resources for all

8   parties, including public resources.

9                                    **CONCLUSION**

10         For the foregoing reasons, this Court should stay proceedings in this forum

11  pending resolution of the appeal.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

SCOTT G. STEWART
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

T. BENTON YORK
Trial Attorney

*/s/ Archith Ramkumar*
ARCHITH RAMKUMAR
Trial Attorney
N.Y.B. No. 5269949
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8060
Archith.Ramkumar@usdoj.gov

Dated: May 20, 2019                    *Attorneys for Defendants*

1

## **CERTIFICATE OF SERVICE**

2
        I hereby certify that on May 20, 2019, I electronically filed the foregoing document with

3
the Clerk of the Court for the United States Court of for the Northern District of California by

4
using the CM/ECF system.  Counsel in the case are registered CM/ECF users and service will be

5
accomplished by the CM/ECF system.

6

7
                                By: */s/ Archith Ramkumar*
                                Archith Ramkumar

8
                                Trial Attorney
                                United States Department of Justice

9
                                Civil Division

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO STAY PROCEEDINGS
*Innovation Law Lab v. Nielsen*,
Case No. 3:19-cv-0807-RS