Judy Rabinovitz\*
Michael Tan\*
Omar Jadwat\*
Lee Gelernt\*
Anand Balakrishnan\*
Daniel Galindo (SBN 292854)
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*jrabinovitz@aclu.org*
*mtan@aclu.org*
*ojadwat@aclu.org*
*lgelernt@aclu.org*
*abalakrishnan@aclu.org*
*dgalindo@aclu.org*

Jennifer Chang Newell (SBN 233033)
Katrina Eiland (SBN 275701)
Cody Wofsy (SBN 294179)
Julie Veroff (SBN 310161)
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0770
F: (415) 395-0950
*jnewell@aclu.org*
*keiland@aclu.org*
*cwofsy@aclu.org*
*jveroff@aclu.org*

Melissa Crow\*
SOUTHERN POVERTY LAW CENTER
1101 17th Street NW, Suite 705
Washington, D.C. 20036
T: (202) 355-4471
F: (404) 221-5857
*melissa.crow@splcenter.org*

*Attorneys for Plaintiffs* (*Additional counsel listed on following page*)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Innovation Law Lab, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> Kevin K. McAleenan, *et al.*, <br><br> *Defendants.* | CASE NO.: 3:19-CV-00807-RS <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS** |

Mary Bauer***
SOUTHERN POVERTY LAW CENTER
1000 Preston Avenue
Charlottesville, VA 22903
T: (470) 606-9307
F: (404) 221-5857
*mary.bauer@splcenter.org*

Gracie Willis*
SOUTHERN POVERTY LAW CENTER
150 East Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
T: (404) 221-6700
F: (404) 221-5857
*gracie.willis@splcenter.org*

Michelle P. Gonzalez***
SOUTHERN POVERTY LAW CENTER
P.O. Box 370037
Miami, FL 33137-0037
T: 786-753-1383
F: 786-237-2949
*mich.gonzalez@splcenter.org*

Steven Watt***
ACLU FOUNDATION HUMAN RIGHTS PROGRAM
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 519-7870
F: (212) 549-2654
*swatt@aclu.org*

*Attorneys for Plaintiffs*
**Admitted pro hac vice*
***Application for pro hac vice pending*
****Pro hac vice application forthcoming*

Sean Riordan (SBN 255752)
Christine P. Sun (SBN 218701)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
T: (415) 621-2493
F: (415) 255-8437
*sriordan@aclunc.org*
*csun@aclunc.org*

Blaine Bookey (SBN 267596)
Karen Musalo (SBN 106882)
Eunice Lee (SBN 316237)
Kathryn Jastram (SBN 127625)
Sayoni Maitra*
CENTER FOR GENDER & REFUGEE STUDIES
200 McAllister St.
San Francisco, CA 94102
T: (415) 565-4877
F: (415) 581-8824
*bookeybl@uchastings.edu*
*musalok@uchastings.edu*
*leeeunice@uchastings.edu*
*jastramkate@uchastings.edu*
*maitras@uchastings.edu*

The Ninth Circuit has "repeatedly admonished district courts not to delay" proceedings "to await an interim ruling on a preliminary injunction." *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018) (collecting cases). And it has made this admonishment in the context of APA cases. *See id.*; *see also Glob. Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058-59 (9th Cir. 2007). Yet Defendants, who bear the burden of justifying their stay request, ask this Court to stay proceedings while thousands of migrants from Central America seeking asylum are forced into limbo in Mexico, and while the merits of the Court's preliminary injunction order are on appeal.

Because a stay of proceedings is the exception, not the rule; because the record remains unsettled; and because requests for emergency relief may be necessary as Defendants' program continues to harm migrants, the Court should deny Defendants' motion.

## BACKGROUND

1. District Court Finds Forced Return Violates Nonrefoulement Obligations.

Plaintiffs brought this litigation to enjoin the government's forced return policy, suing on behalf of various organizations serving migrants, as well as 11 individuals who fled death threats and violence in their home countries, only to be turned back to Mexico when they attempted to seek asylum in the United States.

After Plaintiffs sought injunctive relief, the Court granted a preliminary injunction on April 8, 2019. ECF No. 73. In doing so, the Court held that Plaintiffs were likely to prevail on three of the four claims on which they had moved for relief: (1) their statutory claim that the policy was not authorized under 8 U.S.C. § 1225(b)(2)(C), (2) their claim that the policy is unlawful because it violates the government's nonrefoulement obligations, and is arbitrary and capricious, and (3) their claim that the new process for making fear determinations, implemented in an effort to comply with Defendants' nonrefoulment obligation, was adopted in violation of the APA's notice and comment requirement. *Id.* at 1-2, 23.

The Court made clear that, even if the policy were authorized by statute, the government's policy "did not comply with DHS' admitted legal obligation not to return any alien to a territory where his or her life or freedom would be threated," and "further procedural protections would be *required* to conform to" those nonrefoulement obligations. *Id.* at 2 (internal quotation marks

omitted), 24 (emphasis added). The Court further found that Plaintiffs had made an "uncontested" showing that they "fled their homes" to "escape extreme violence, including rape and death threats," and in Mexico had reported facing "physical and verbal assaults." *Id.* at 24. Thus the Court held Plaintiffs were "likely to suffer irreparable harm" if the policy continued. *Id.* at 24-25.

The Court further noted various pending issues that were not resolved in the preliminary injunction. First, having held that Plaintiffs were entitled to preliminary injunctive relief on the three bases described above, the Court did not reach Plaintiffs' omnibus claim that the forced return policy is arbitrary and capricious. ECF No. 73 at 22.[1]  Second, the Court noted that Plaintiffs had pled but not sought preliminary injunctive relief on a claim that the policy violates customary international law. *Id.* at 5, 23 n.13.[2] Third, the Court did not resolve the evidentiary motions filed by the parties in conjunction with the preliminary injunction motion. Defendants moved to strike Plaintiffs' evidence submitted in support of standing, the injunction factors, and their arbitrary and capricious claim, and Plaintiffs' opposed and filed a cross-motion for the Court to consider such evidence for those limited purposes. *Id.* at 7 n.4. These cross-motions were fully briefed. While Plaintiffs stipulated to having the preliminary injunction adjudicated based on the administrative record, they advised the Court that they believed the administrative record was not properly compiled and was incomplete. *See* ECF No. 51 at 1. They accordingly requested separate briefing on completing the administrative record in an effort to resolve that evidentiary issue for subsequent proceedings. *See* ECF No. 50 at 8. For purposes of the preliminary injunction, the Court relied on the limited record filed by Defendants, declined to resolve these disputes over the record, and noted that Plaintiffs had not waived "their right to challenge the completeness of that record at a later junction." ECF No. 73 at 7 n.4.

The Court ordered that its injunction would go into effect after a one-week delay, in order to give Defendants time to seek a stay of the injunction from the Ninth Circuit pending its appeal. *Id.* at

---

[1] *See* ECF No. 1 (Compl.) ¶¶ 157-162 (alleging Defendants' forced return policy is arbitrary and capricious because Defendants did not articulate a reasoned explanation for their decision to adopt the policy, failed to consider relevant factors, relied on factors Congress did not intend to be considered, and offered explanations for their decision that run counter to the evidence before the agency; because it deprives asylum seekers of a meaningful right to apply for asylum; because its procedures are wholly unsuited to achieving Defendants' stated nonrefoulement obligation; and because it departs from the agency's existing fear determination policies).
[2] Plaintiffs also pled but did not seek preliminary injunctive relief on a claim that the policy violates 8 U.S.C. § 1158(a). *See* Compl. ¶¶ 179-181.

26. Defendants sought review of the preliminary injunction and an emergency stay of that injunction at the Ninth Circuit.

2.  Ninth Circuit Grants Stay, Panel Issues Three Opinions.

The Ninth Circuit motions panel granted an administrative stay, ordered expedited briefing and a hearing, and then granted a stay of the preliminary injunction pending resolution of the government's appeal. The motions panel issued three opinions, including a lengthy opinion from Judge Fletcher in which he concurred only in the result. In their per curiam opinion, Judges O'Scannlain and Watford opined that Defendants were likely to prevail on their argument that the forced return policy is not inconsistent with 8 U.S.C. § 1225(b)(2)(C). *Innovation Law Lab v. McAleenan*, 2019 WL 2005745 at *4 (9th Cir., May 7, 2019). They further held that "[t]he MPP qualifies as a general statement of policy" and therefore that Defendants were likely to prevail on the claim "that the MPP should have gone through the APA's notice-and-comment process." *Id.*

The per curiam opinion did not address Plaintiffs' nonrefoulement claim; rather, it addressed only the two claims that it said—without providing any analysis or explanation in support—could justify the injunction "in its present form." These were the 8 U.S.C. § 1225(b)(2)(C) and notice and comment claims. *Id.*; *see also id.* (after rejecting the district court's § 1225(b)(2)(C) holding, referring to the notice and comment claim as the "only . . . other claim that could justify a nationwide injunction").

The opinion briefly discussed the balance of hardships in this case, noting—and not refuting—that the Individual Plaintiffs fear substantial injury in Mexico, but deeming this risk to be "somewhat" reduced by Mexico's apparent "commitment to honor its international-law obligations and to grant humanitarian status and work permits to individuals returned." *Id.*

A majority of the motions panel found serious problems with the forced return policy. Judge Fletcher wrote separately to "strongly disagree" with the per curiam's analysis of § 1225. *Id.* (Fletcher, J., concurring only in the result). Defendants were "[n]ot just arguably wrong, but clearly and flagrantly wrong" in making "arguments never before made or even suggested" to claim that the forced return policy is authorized by statute. *Id.* Judge Fletcher did not address the nonrefoulement argument. *See id.* He concluded that he was

>hopeful that the regular argument panel that will ultimately hear the appeal, with the benefit of full briefing and regularly scheduled argument, will be able to see the Government's arguments for what they are—baseless arguments in support of an illegal policy that will, if sustained, require bona fide asylum applicants to wait in Mexico for years while their applications are adjudicated.

*Id.*

Judge Watford wrote his own concurrence, finding that "congressional authorization alone does not ensure that the Migrant Protection Protocols (MPP) are being implemented in a legal manner." *Id.* (Watford, J., concurring). In his view, the procedures in the forced return policy were "so ill-suited to achieving that stated goal [of nonrefoulement] as to render them arbitrary and capricious under the Administrative Procedure Act." *Id.* In particular, it was a "glaring deficiency" that "immigration officers do not ask applicants being returned to Mexico whether they fear persecution or torture in that country." *Id.* Thus Judge Watford and this Court—the only two judges to have considered nonrefoulement—found Defendants' procedures to comply with nonrefoulement to be unlawful. Judge Watford concluded that this deficiency is "virtually guaranteed to result in . . . applicants being returned to Mexico in violation of the United States' nonrefoulement obligations." *Id.* Because Judge Watford believed that this harm could be remedied with a narrower injunction, he wrote that he "expect[s] that appropriate relief for this arbitrary and capricious aspect of the MPP's implementation will involve (at the very least) an injunction directing DHS to ask applicants for admission whether they fear being returned to Mexico." *Id.*

## ARGUMENT

The party moving for a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Among the interests a district court must weigh are: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer [if the case is allowed] to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). When there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being

required to go forward." *Id.* at 1112 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (9th Cir. 2005)).

1. Plaintiffs Remain In Danger And Continue To Suffer Harm.

For three reasons, there is more than just a "fair possibility" of harm to Plaintiffs if district court proceedings are stayed in this case. First, the District Court found that it was "uncontested" that the Individual Plaintiffs "fled their homes" to "escape extreme violence, including rape and death threats," and further observed that in Mexico they report facing "physical and verbal assaults" and "live in fear." ECF No. 73 at 24. Thousands more migrants have now been forced into Mexico to similar dangers.[3] These observations are not refuted by the Ninth Circuit's stay opinion. *See Law Lab* at *4 (agreeing the Individual Plaintiffs fear substantial injury upon return to Mexico). Migrants thus continue to be forced either to try to survive in northern Mexico, where they fear for their lives and lack authorization to work,[4] or to abandon their asylum claims and return to the dangers they face at home. These harms will continue unabated until this case reaches a final resolution or Plaintiffs obtain relief at the Ninth Circuit. Moving the district court case toward resolution, particularly with respect to evidentiary issues that might arise at summary judgment, is crucial in a "sensitive" case that involves the rights of thousands of vulnerable people. *Melendres v. Arpaio*, 695 F.3d 990, 1002–03 (9th Cir. 2012).[5]

---

[3] As of May 20, more than 6,750 migrants from Central America had been forced into Mexico. Adolfo Flores, *They Were Told 45 Days. Now Asylum-Seekers Are Being Forced To Wait Up To A Year In Mexico*, BUZZFEED NEWS (May 21, 2019), https://www.buzzfeednews.com/article/adolfoflores/remain-in-mexico-migrants-wait-year-juarez-mpp.

[4] *See id.* ("Mexico has issued tourist visas to asylum-seekers, which do not allow for work in the country.") Plaintiff declarations also make clear they are not given authorization to work. *See, e.g.,* ECF No. 5-1 at ¶ 27; ECF No. 5-8 at ¶ 23; ECF No. 5-9 at ¶ 17.

[5] The cases Defendants cite in which a stay of district court proceedings was granted are inapposite because, unlike here, the preliminary injunction in those cases remained in effect pending appeal, thus protecting the prevailing party on the injunction from the harms they would have faced from a stay. *See Kuang v. Dep't of Def.*, No. 18-cv-03698-JST, 2019 WL 1597495 (N.D. Cal. Apr. 15, 2019); *see also Texas v. United States*, No. 1:14-cv-254, ECF No. 270 at 1-2 (S.D. Tex. June 11, 2015) (same, and plaintiffs joined government's motion for stay); *E. Bay Sanctuary Covenant v. Trump*, No. 18-CV-06810-JST, 2019 WL 1048238, at *2 (N.D. Cal. Mar. 5, 2019) (noting plaintiffs did not oppose a stay and that "[w]hile a delay in the ability to 'seek[ ] injunctive relief against ongoing and future harm' militates against a stay, Plaintiffs have already secured such relief, albeit in preliminary form." (quoting *Lockyer*, 398 F.3d at 1112)); *cf. Washington v. Trump*, No. 2:17-cv-141, ECF 189 at 3 (W.D. Wash. May 17, 2017) (nationwide injunction in a separate case protected

Second, the administrative record here remains unsettled. Further limited proceedings can meaningfully narrow these issues and move this case toward a resolution that protects Plaintiffs' rights. The Court has fully briefed cross-motions about evidence Plaintiffs submitted, *see* ECF Nos. 45, 51, and the parties are in ongoing discussions about the completeness of the administrative record, which may resolve some of the evidence at issue in the cross-motions. Defendants claim Plaintiffs "have provided no basis" to question "the completeness of the administrative record," ECF No. 87 at 7, but this ignores that Plaintiffs have already requested a briefing schedule on that very issue, ECF No. 50 at 8.

Third, a stay limits the parties' abilities to address ongoing issues with the forced return policy. Plaintiffs are closely monitoring the expansion of the policy, including whether it is being applied in a way that meets Defendants' own guidance, and whether further actions—amending the complaint to raise new claims, including as-applied claims, and/or moving for injunctive relief as to other claims—are warranted. A delay in the ability to "seek[] injunctive relief against ongoing and future harm" counsels against a stay. *Lockyer*, 398 F.3d at 1112. Thus a stay would needlessly slow down further proceedings that may be necessary as Defendants force more and more asylum seekers to stay in Mexico and new information comes to light about the nature and scope of the forced return policy.

2. The Defendants Point To No Meaningful Hardship Or Inequity Which They May Suffer If This Case Goes Forward.

Defendants' claim of *Landis* "hardship or inequity" that they might suffer if the case proceeds is tellingly short: they might have to litigate some issues in district court and resolve

---

party opposing stay); *United States v. California*, No. 2:18-cv-490, ECF No. 214 at 4 (E.D. Cal. Oct. 19, 2018) (injunction being appealed was largely in favor of party opposing stay). The *Washington*, *California*, and *Kuang* cases are also inapposite because, unlike here where Plaintiffs are seeking mainly to complete and supplement the administrative record, the discovery proposed in the district court in those cases would have been extensive. *Washington*, ECF No. 189 at 10 (up to 30 depositions of government officials that included White House staff and cabinet-level officers); *California*, ECF No. 214 at 3 ("extensive discovery" proposed "over the course of over seven months"); *Kuang*, 2019 WL 1597495 at *5 (noting extensive likely discovery).

limited discovery disputes. *See* ECF No. 87 at 6-7 (limited discovery "is the quintessential example of a waste of judicial resources" and "flouts all notions of judicial economy"); *see id.* at 7 ("Just as the Court would devote time and resources to proceeding, so too the parties would devote their own resources to litigating . . . ."). But it is well established that those purported hardships are nothing more than "being required to defend a suit" and, "without more" fall far short of showing "a clear case of hardship or inequity within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. Here, Plaintiffs have not sought discovery under Rule 26, and simply seek to resolve whether the administrative record is complete or entitled to supplementation. Resolving that basic question would be necessary both for any summary judgment motions in this case, as well as if Defendants were to file any motion to dismiss. Thus it is not a meaningful hardship to resolve these issues in the district court.

3.   The Ninth Circuit Will Not Resolve All Legal Issues In This Case.

Defendants contend that "the Ninth Circuit is slated to soon definitely resolve" legal issues in this case through a ruling on a preliminary injunction. ECF No. 87 at 4. The Ninth Circuit likely will resolve the statutory legality of the program under 8 U.S.C. § 1225(b)(2)(C) and the related notice-and-comment claim. But it cannot resolve all the legal claims in this case because it will not be considering all of Plaintiffs' claims. For example, because the district court chose not to address Plaintiffs' claim that the forced return policy as a whole is arbitrary and capricious, that claim is not being decided on appeal. In addition, Plaintiffs did not move for a preliminary injunction as to all their claims, and may add new ones, including challenges to how the policy is being applied.

Furthermore, claims based on the requirement of nonrefoulement, which are likely to be a complicated mix of legal and factual issues that depend on the contours of Defendants' procedures, are less likely to be definitively resolved in the present appeal. Further proceedings may well be needed to decide the scope of relief that is required in order for Defendants to meet their nonrefoulement obligations. Resolving the administrative record while the preliminary injunction is on appeal would speed along those proceedings.

Indeed, even an adverse ruling from the panel would not necessarily preclude Plaintiffs from seeking summary judgment on nonrefoulement-based claims once the administrative record is

1  properly completed. *See Melendres*, 695 F.3d at 1002-03 ("because the fully developed factual
2  record may be materially different from that initially before the district court, our disposition of
3  appeals from most preliminary injunctions may provide little guidance as to the appropriate
4  disposition on the merits"); *see also Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753
5  (9th Cir.1982); *Azar*, 911 F.3d at 583-84; *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 724 (9th Cir. 1984);
6  *Global Horizons,* 510 F.3d at 1058.

7        Thus, a stay of district court proceedings would unnecessarily slow Plaintiffs down in
8  moving for relief on important claims that may not be fully resolved, or even addressed, by the Ninth
9  Circuit merits panel.

## CONCLUSION

For the above reasons, Defendants' Motion to Stay Proceedings should be denied.

Dated: June 3, 2019

Respectfully submitted,

/s/ *Judy Rabinovitz*

| | |
|---|---|
| Jennifer Chang Newell (SBN 233033)<br>Katrina Eiland (SBN 275701)<br>Cody Wofsy (SBN 294179)<br>Julie Veroff (SBN 310161)<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION<br>IMMIGRANTS' RIGHTS PROJECT<br>39 Drumm Street<br>San Francisco, CA 94111<br>T: (415) 343-1198<br>F: (415) 395-0950<br>*jnewell@aclu.org*<br>*keiland@aclu.org*<br>*cwofsy@aclu.org*<br>*jveroff@aclu.org*<br><br>Melissa Crow*<br>SOUTHERN POVERTY LAW CENTER<br>1101 17th Street NW, Suite 705<br>Washington, D.C. 20036<br>T: (202) 355-4471<br>F: (404) 221-5857<br>*melissa.crow@splcenter.org* | Judy Rabinovitz*<br>Michael Tan*<br>Omar Jadwat*<br>Lee Gelernt*<br>Anand Balakrishnan*<br>Daniel Galindo (SBN 292854)<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION<br>IMMIGRANTS' RIGHTS PROJECT<br>125 Broad St., 18th Floor<br>New York, NY 10004<br>T: (212) 549-2660<br>F: (212) 549-2654<br>*jrabinovitz@aclu.org*<br>*mtan@aclu.org*<br>*ojadwat@aclu.org*<br>*lgelernt@aclu.org*<br>*abalakrishnan@aclu.org*<br>*dgalindo@aclu.org*<br><br>*Attorneys for Plaintiffs (Additional counsel listed on the following page)* |

Mary Bauer***
SOUTHERN POVERTY LAW CENTER
1000 Preston Avenue
Charlottesville, VA 22903
T: (470) 606-9307
F: (404) 221-5857
*mary.bauer@splcenter.org*

Gracie Willis*
SOUTHERN POVERTY LAW CENTER
150 East Ponce de Leon Avenue, Suite 340
Decatur, GA 30030
T: (404) 221-6700
F: (404) 221-5857
*gracie.willis@splcenter.org*

Michelle P. Gonzalez***
SOUTHERN POVERTY LAW CENTER
P.O. Box 370037
Miami, FL 33137-0037
T: 786-753-1383
F: 786-237-2949
*mich.gonzalez@splcenter.org*

Steven Watt*
ACLU FOUNDATION HUMAN RIGHTS PROGRAM
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 519-7870
F: (212) 549-2654
*swatt@aclu.org*

Sean Riordan (SBN 255752)
Christine P. Sun (SBN 218701)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
T: (415) 621-2493
F: (415) 255-8437
*sriordan@aclunc.org*
*csun@aclunc.org*

Blaine Bookey (SBN 267596)
Karen Musalo (SBN 106882)
Eunice Lee (SBN 316237)
Kathryn Jastram (SBN 127625)
Sayoni Maitra*
CENTER FOR GENDER & REFUGEE STUDIES
200 McAllister St.
San Francisco, CA 94102
T: (415) 565-4877
F: (415) 581-8824
*bookeybl@uchastings.edu*19
*musalok@uchastings.edu*
*leeeunice@uchastings.edu*
*jastramkate@uchastings.edu*
*maitras@uchastings.edu*

*Attorneys for Plaintiffs*

*\*Admitted pro hac vice*
*\*\*Application for pro hac vice pending*
*\*\*\*Pro hac vice application forthcoming*