JOSEPH H. HUNT
*Assistant Attorney General*
SCOTT G. STEWART
*Deputy Assistant Attorney General*
WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section
EREZ REUVENI
*Assistant Director*
T. BENTON YORK
*Trial Attorney*
ARCHITH RAMKUMAR
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8060
Archith.Ramkumar@usdoj.gov

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Innovation Law Lab, *et al.*, ) <br><br> Plaintiffs, ) <br><br> v. ) <br><br> Kevin K. McAleenan[1], *et al.*, ) <br><br> Defendants. ) | Civil Action No. 3:19-cv-0807-RS <br><br> **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS** |

---

[1] Pursuant to Federal Rule of Civil Procedure 25, Acting United States Secretary of the Department of Homeland Security Kevin K. McAleenan is substituted for former Secretary of the Department of Homeland Security Kirstjen Nielsen.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

Plaintiffs do not even attempt to refute—nor could they—the crux of Defendants' motion to stay, namely that proceeding in this forum when guidance from the Ninth Circuit is imminent as to which of Plaintiffs' claims, if any, are viable, is a needless waste of judicial resources. *See* Dkt. 87 at 3-7. Nor do Plaintiffs offer any rejoinder to the fact that the posture of this case is indistinguishable from the procedural posture in *East Bay Sanctuary Covenant v. Trump*, No. 19-cv-06810-JST, 2019 WL 1048238 (N.D. Cal. Mar. 9, 2019), where the court granted an identical stay request. *Id.* at *2. Plaintiffs nonetheless suggest that courts should not "delay proceedings to await an interim ruling on a preliminary injunction," but they offer no reason why this "rule" has any applicability in this case. Dkt. 92 at 1. Indeed, Plaintiffs do not even grapple with the fact that multiple courts in this District have observed that this principle "carr[ies] less force" when, as here, "the central legal issue … presents an issue of pure statutory interpretation," and where the same "administrative record" that was before this Court is "also now before the Ninth Circuit on appeal." *East Bay*, 2019 WL 1048238, at *2; *Kuang v. U.S. Dep't of Def.*, No. 18-cv-03698-JST, 2019 WL 1597495, at *6 (N.D. Cal. Apr. 15, 2019); Dkt. 87 at 8.

The only apparent reason for Plaintiffs' opposition to Defendants' motion to stay in this case is that the stay decision issued by the Ninth Circuit is unfavorable to Plaintiffs, unlike in *East Bay*, where Plaintiffs, represented by the same attorneys, readily acquiesced in Defendants' motion to stay following a stay ruling from the Ninth Circuit that was favorable to Plaintiffs' position. That about-face, however, does not alter the fact that proceeding in this forum prior to the conclusion of a definitive ruling from the Ninth Circuit would be a waste of this Court's and the parties' resources. Accordingly, Defendants' motion to stay should be granted.

## ARGUMENT

As Defendants demonstrated in their motion, "the orderly course of justice" is best served by a stay, *CMAX, Inc. v. Hall*, 300 F.2d 266, 268 (9th Cir. 1962), because the "central legal issue" is an "issue of pure statutory interpretation" that the Ninth Circuit has already ruled on and will definitively resolve, and because the same administrative record that was before "this Court" is the record "before the Ninth Circuit on appeal." Dkt. 87 at 5. Plaintiffs do not grapple with

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS
*Innovation Law Lab v. McAleenan*,
Case No. 3:19-cv-0807-RS

1

any aspect of this analysis, which is the overarching reason why courts in this District have granted substantially similar motions to stay. *See East Bay*, 2019 WL 1048238, at *2; *Kuang*, 2019 WL 1597495, at *6. Instead, Plaintiffs make three arguments in support of their position that a stay is unwarranted. All three arguments are meritless.

First, Plaintiffs argue that the named Plaintiffs will continue to "suffer harm" that "will continue unabated until this case reaches a final resolution or Plaintiffs obtain relief at the Ninth Circuit." Dkt. 92 at 5. As an initial matter, considerations of irreparable harm, which were already considered and balanced with other equities on the question of whether a preliminary injunction is appropriate, have far less relevance to whether, once that injunction has been stayed, whether it is subsequently appropriate to stay "district court proceedings … in the interest of judicial efficiency." *Bascom Research LLC v. Facebook, Inc.*, No. C 12-6293 & 6294 SI, 2014 WL 12795380, at *2 (N.D. Cal. Jan. 13, 2014). And though Plaintiffs maintain that their alleged irreparable harm is "not refuted by the Ninth Circuit's stay opinion," Dkt. 92 at 5, the Ninth Circuit explicitly found that "the likelihood of harm is reduced somewhat by the Mexican government's commitment to honor its international-law obligations and to grant humanitarian status and work permits to individuals returned under the MPP," a factor that "support[ed] the issuance of a stay" of the injunction pending appeal. *Innovation Law Lab v. McAleenan*, 924 F.3d 503, 510 (9th Cir. 2019).

Moreover, conspicuously absent from Plaintiffs' brief is any explanation as to why proceeding in *this forum* would ameliorate any alleged irreparable harm. As Defendants explained, and Plaintiffs acknowledged, since the Ninth Circuit has stayed the injunction issued by this Court, "the only way for Plaintiffs to reinstate the preliminary injunction is to obtain that relief from the Ninth Circuit, not this Court." Dkt. 87 at 7-8. Whether proceedings in this forum are stayed or not has no bearing on the timing and ability of Plaintiffs to prevail on appeal, so Plaintiffs' assertions of irreparable harm have no impact on the stay calculus. And Plaintiffs themselves concede that in the absence of obtaining relief at the Ninth Circuit, the only way any alleged irreparable harm could be remedied would be if "this case reaches a final resolution," an outcome that is, at a minimum, months away, since the parties have not even proceeded past the

motion-to-dismiss stage.  Dkt. 92 at 5; *see also* Dkt. 86 at 2 (noting that Defendants' motion to dismiss must be filed only on July 29, 2019); Dkt. 91 (notice continuing initial case management conference to September 12, 2019).  Briefly staying proceedings in this Court would thus cause Plaintiffs no prejudice, especially since the preliminary injunction appeal in the Ninth Circuit is proceeding on an expedited schedule and Plaintiffs have not otherwise moved to expedite any proceedings in this Court.  *See* Dkt. 87 at 1; *Kuang*, 2019 WL 1597495, at *4 ("[T]he Court finds it likely the [appellate] proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented.").

Plaintiffs' next argument that "the administrative record here remains unsettled," rings hollow.  Dkt. 92 at 6; *see also id.* at 1.  To date, Plaintiffs have submitted no evidence to disturb the "presumption of administrative regularity" to which the comprehensive administrative record in this case is entitled.  *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007) (Seeborg, J.).  Nor, as of the date of this filing, have Plaintiffs provided any tangible evidence to Defendants as part of the parties' "ongoing discussions," Dkt. 92 at 6, that the administrative record is in any way incomplete.  The utter speculation that Plaintiffs offer about the administrative record does not offset the clear saving of judicial resources that a stay accomplishes.  The only support Plaintiffs can muster is that during the parties' litigation over the propriety of considering of extra-record evidence in adjudicating Plaintiffs' motion for a preliminary injunction—an issue that has nothing to do with whether the administrative record is complete—Plaintiffs, more than three months ago, asked for a "briefing schedule" "concerning the contents of the administrative record."  Dkt. 50 at 2.  That request, which has not been followed by any corresponding action by Plaintiffs, does not demonstrate that the administrative record is "unsettled" in any way.  Dkt. 92 at 6.[2]  And even assuming, *arguendo*, that Plaintiffs' record-based argument had any merit, the Ninth Circuit's resolution of the issues on appeal will

---

[2] Alluding to potential future developments, Plaintiffs make the unsubstantiated claim that a stay "limits the parties' abilities to address ongoing issues with the forced return policy."  Dkt. 92 at 6.  For this issue to factor into the stay calculus, Defendants would need to operate MPP in a manner that contravened their guidance, prompting entirely new claims, an entirely different Complaint, and an entirely new request for injunctive relief.  As Plaintiffs have identified no concrete basis for such claims, this discussion is nothing more than a *non-sequitur*.

1   also frame the resolution of any record-related issues, so it is a waste of resources to adjudicate a

2   conjectural motion to complete the record now in a vacuum.

3       Finally, Plaintiffs argue that the Ninth Circuit cannot "resolve all the legal claims in this

4   case because it will not be considering all of Plaintiffs' claims." Dkt. 92 at 7. But that is not the

5   applicable standard, nor did Defendants make any such representation. Instead, Defendants

6   noted that the claims that prompted the entry of the preliminary injunction "are the same issues

7   the Ninth Circuit considered in issuing its holding granting Defendants' motion to stay," Dkt. 87

8   at 4, a proposition Plaintiffs have not rebutted. In any event, it is not necessary for the Ninth

9   Circuit to completely resolve all of the issues in this case in order for a stay to serve judicial

10  economy; it is enough that the "interlocutory appeal contains issues that may dispose of the case

11  *or* significantly reshape the merits." *Kuang*, 2019 WL 1597495, at *6 (emphasis added); *see

12  also id.* ("[A]n appellate ruling that leaves in place a preliminary injunction may nonetheless

13  resolve intermediate issues in a manner that simplifies further proceedings.").

14      And Plaintiffs' argument also fails on its own terms. The Ninth Circuit, in issuing its stay

15  opinion, considered the two claims that underpinned the injunction: (1) the statutory claim under

16  8 U.S.C. § 1225(b)(2)(C), and (2) the notice-and-comment claim under the Administrative

17  Procedure Act (APA). Dkt. 87 at 3-4. Plaintiffs concede as much. *See* Dkt. 92 at 7. But at least

18  one member of the stay panel also considered Plaintiffs' non-refoulement claim arising under the

19  APA and whether this claim could support the injunction that this Court entered, evinced by

20  Judge Watford's concurrence. *See McAleenan*, 924 F.3d at 510-12 (Watford, J., concurring).

21  There is no reason to believe that when the Ninth Circuit ultimately resolves the appeal, it will

22  not similarly address the non-refoulement APA claim. Plaintiffs retreat to their catch-all

23  "arbitrary and capricious" claims, Dkt. 92 at 7, but as this Court has already found, these claims

24  are either "duplicative of" or significantly overlap with the claims the Ninth Circuit is currently

25  considering. Dkt. 73 at 23.

26      Because none of the considerations Plaintiffs raise trump the clear saving of judicial

27  resources accomplished by a stay, Defendants' motion to stay should be granted.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

For the foregoing reasons, this Court should stay proceedings in this forum pending resolution of the appeal.

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS
*Innovation Law Lab v. McAleenan*,
Case No. 3:19-cv-0807-RS

5

1

2  Respectfully submitted,

3  JOSEPH H. HUNT
   Assistant Attorney General

4  SCOTT G. STEWART
5  Deputy Assistant Attorney General

6  WILLIAM C. PEACHEY
   Director

7  EREZ REUVENI
8  Assistant Director

9  T. BENTON YORK
10 Trial Attorney

11 */s/ Archith Ramkumar*
   ARCHITH RAMKUMAR
12 Trial Attorney
13 N.Y.B. No. 5269949
   U.S. Department of Justice
14 Civil Division
   Office of Immigration Litigation
15 District Court Section
   P.O. Box 868, Ben Franklin Station
16 Washington, DC 20044
   Tel: (202) 598-8060
17 Archith.Ramkumar@usdoj.gov

18

19 Dated: June 10, 2019          *Attorneys for Defendants*

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on June 10, 2019, I electronically filed the foregoing document with

3   the Clerk of the Court for the United States Court of for the Northern District of California by

4   using the CM/ECF system.  Counsel in the case are registered CM/ECF users and service will be

5   accomplished by the CM/ECF system.

6

7                                    By: */s/ Archith Ramkumar*
                                     Archith Ramkumar
8                                    Trial Attorney
                                     United States Department of Justice
9                                    Civil Division

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY PROCEEDINGS
*Innovation Law Lab v. McAleenan*,
Case No. 3:19-cv-0807-RS