Judy Rabinovitz*
Michael Tan*
Omar Jadwat*
Lee Gelernt*
Anand Balakrishnan*
Daniel Galindo (SBN 292854)
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*jrabinovitz@aclu.org*

*Attorneys for Plaintiffs* (*Additional counsel listed on following page*)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INNOVATION LAW LAB, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ALEJANDRO MAYORKAS, *et al.*, <br><br> *Defendants*. | CASE NO.: 3:19-CV-00807-RS <br><br> **PARTIES' JOINT MOTION TO TEMPORARILY HOLD ORDER TO SHOW CAUSE IN ABEYANCE** |

Katrina Eiland (SBN 275701)
Cody Wofsy (SBN 294179)
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0770
F: (415) 395-0950
*keiland@aclu.org*

Melissa Crow*
SOUTHERN POVERTY LAW CENTER
1101 17th Street NW, Suite 705
Washington, D.C. 20036
T: (202) 355-4471
F: (404) 221-5857
*melissa.crow@splcenter.org*

Gracie Willis*
SOUTHERN POVERTY LAW CENTER
150 East Ponce de Leon Avenue, Suite 340
Decatur, GA  30030
T: (404) 221-6700
F: (404) 221-5857
*gracie.willis@splcenter.org*

Michelle P. Gonzalez***
SOUTHERN POVERTY LAW CENTER
P.O. Box 370037
Miami, FL 33137-0037
T: 786-753-1383
F: 786-237-2949
*mich.gonzalez@splcenter.org*

Steven Watt*
ACLU FOUNDATION HUMAN RIGHTS PROGRAM
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 519-7870
F: (212) 549-2654
*swatt@aclu.org*

Sean Riordan (SBN 255752)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
T: (415) 621-2493
F: (415) 255-8437
*sriordan@aclunc.org*

Blaine Bookey (SBN 267596)
Karen Musalo (SBN 106882)
Kathryn Jastram (SBN 127625)
Sayoni Maitra*
CENTER FOR GENDER & REFUGEE STUDIES
200 McAllister St.
San Francisco, CA 94102
T: (415) 565-4877
F: (415) 581-8824
*bookeybl@uchastings.edu*

*Attorneys for Plaintiffs*

*Admitted pro hac vice
***Pro hac vice application forthcoming

Plaintiffs Innovation Law Lab, *et al.*, and Defendants Alejandro Mayorkas, *et al.*, respectfully request that the Court temporarily hold in abeyance the Order to Show Cause issued by this Court on August 6, 2021. *See* ECF #131.  Doing so will give the parties time to attempt to resolve any outstanding issues presented by the case without the need for additional litigation.

The Order to Show Cause directed plaintiffs to respond, by August 16, 2021, as to why the instant case should not be dismissed as moot.  The parties are currently in negotiations concerning certain outstanding issues—specifically, the current situation of seven of the individual plaintiffs—to see if they can be resolved without further litigation.  Resolution of these outstanding issues would obviate the need for further litigation, including litigation concerning the question of mootness.  An order holding the Order to Show Cause in abeyance is therefore warranted.

**Background**

This action was commenced on February 14, 2019, to challenge the legality of the Defendants' then-recently-adopted policy, known as the "Migrant Protection Protocols" (MPP), under which certain individuals arriving the United States were returned to Mexico during the pendency of their removal proceedings. *See* ECF #1. This Court preliminarily enjoined the policy on April 8, 2019, as a violation of the Immigration and Nationality Act and the Administrative Procedure Act, *see* ECF #73—a decision that was affirmed by the Ninth Circuit on February 28, 2020, *see Innovation Law Lab v. Wolf*, 951 F.3d 1073 (9th Cir. 2020). The injunction barred the government from continuing to place people into MPP and ordered that it bring back to the United States the eleven individual plaintiffs who brought the lawsuit and allow them to pursue their asylum applications from within the United States.[1] ECF #73 at 27.

This Court's preliminary injunction was stayed, first by a Ninth Circuit motions panel on May 7, 2019, *see Innovation Law Lab v. McAleenan*, 924 F.3d 503 (9th Cir. 2019), and subsequently

---

[1] The lawsuit was also brought by 6 organizational plaintiffs

1
PARTIES' JOINT MOTION TO TEMPORARILY HOLD ORDER TO SHOW CAUSE IN ABEYANCE, CASE NO. 3:19-cv-00807-RS

by the Supreme Court pending its review of the Ninth Circuit's decision affirming the preliminary injunction, *see Wolf v. Innovation Law. Lab*, 140 S. Ct. 1564 (2020).). Thus, the 11 individual plaintiffs in the lawsuit remained in Mexico pursuant to MPP, notwithstanding the injunction.

On June 1, 2021, the Biden administration rescinded MPP, *see* Petitioners' Suggestion of Mootness and Motion to Vacate the Judgment of the Court of Appeals, at Appx., *Mayorkas v. Innovation Law Lab*, No. 19-1212 (U.S. June 1, 2021), and on June 21, 2021, the Supreme Court vacated the judgment and remanded to the Ninth Circuit with instructions to direct the District Court to vacate as moot the April 8, 2019 order granting a preliminary injunction, *see Mayorkas v. Innovation Law Lab*, No. 19-1212, 2021 WL 2520313, at *1 (U.S. June 21, 2021) ("The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Ninth Circuit with instructions to direct the District Court to vacate as moot the April 8, 2019 order granting a preliminary injunction. *See United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950)."). Pursuant to that order, the Ninth Circuit remanded the case back to this Court on August 6, 2021, *see* Order, *Innovation Law Lab v. Mayorkas*, No. 19-15716 (9th Cir. Aug. 6, 2021), ECF #130 and this Court vacated its preliminary injunction that same day, *see* ECF #131. The Court also issued an Order to Show Cause to the plaintiffs directing a response by August 16, 2021, as to why the case as a whole should not be dismissed as moot. ECF #131

**Current Situation/ Outstanding Issues**

Plaintiffs have communicated to Defendants that they believe seven of the individual plaintiffs in this lawsuit remain impacted by MPP.[2]  Two are in ongoing removal proceedings in this country, seeking review before the BIA of removal orders they received after being placed in MPP; three are presently outside the country pursuant to removal orders they received after being placed in MPP; and two are outside the country after having withdrawn their applications for admission while

---

[2] Of the remaining four plaintiffs, three were granted asylum and one is deceased.

under MPP. The parties are currently conferring about whether these individual plaintiffs' situations can be resolved without the need for further litigation. Such resolution would obviate the need for additional litigation, including litigation concerning the question of mootness that this Court has asked Plaintiffs to brief in the Order to Show Cause. However, additional time is needed to allow the parties to engage in these negotiations.

WHEREFORE, the parties respectfully ask this Court to temporarily hold the order to Show Cause in abeyance and to direct the parties to file a status report with the Court on August 30, 2021. In their report the parties shall update the Court about the status of their negotiations to resolve any outstanding issues concerning the seven individual plaintiffs and how much additional time they anticipate is needed to reach a resolution.

Dated: August 11, 2021

BRIAN M. BOYNTON
*Acting Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*

EREZ REUVENI
*/s/ Erez Reuveni*
*Assistant Director*
Civil Division, Office of Immigration
Litigation, District Court Section
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 307-4293
Erez.r.reuveni@usdoj.gov

*Attorneys for Defendants*

Respectfully submitted,

 /s/ *Judy Rabinovitz*
Judy Rabinovitz*
Michael Tan*
Omar Jadwat*
Lee Gelernt*
Anand Balakrishnan*
Daniel Galindo (SBN 292854)
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*jrabinovitz@aclu.org*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2021, I electronically filed the foregoing with the Clerk of Court by using the District Court CM/ECF system. A true and correct copy of this motion has been served via the Court's CM/ECF system on all counsel of record.

                                                           /s/ *Judy Rabinovitz*
                                                           Judy Rabinovitz