BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
*Assistant Director*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Innovation Law Lab, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Alejandro Mayorkas, *et al.*, <br><br> Defendants. | Civil Action No. 3:19-cv-0807-RS |

# STIPULATED DISMISSAL

This stipulated dismissal is entered into by and between Plaintiffs, on the one hand, and the Defendants, on the other hand (both terms as defined herein; collectively, the "Parties"), effective October 31, 2023 (the "Effective Date"). The Parties believe that stipulating to dismissal of this action with conditions as described herein, without any admission of liability by Defendants, as of the Effective Date, is in their best interests and best serves the interests of justice by conserving resources, time, fees, and costs in connection with this action. In exchange for the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, each intending to be legally bound, hereby agree to the following terms and conditions.

**A.** **Definitions.**

For purposes of this stipulation:

1. "Plaintiffs" shall refer to all Plaintiffs in *Innovation Law Lab v. Mayorkas*, 19-cv-807 (N.D. Cal.) ("*Innovation Law Lab*" or "this lawsuit").

2. "Individual Plaintiffs" shall refer to all individual Plaintiffs remaining in this lawsuit, John Doe, Dennis Doe, Ian Doe, Gregory Doe, Frank Doe, Howard Doe, and Bianca Doe. In addition, where appropriate, "Dennis Doe Plaintiffs" shall refer to Dennis Doe, his partner and child; "Frank Doe Plaintiffs" shall refer to Frank Doe, his spouse and son; and "John Doe Plaintiffs" shall refer to John Doe and his partner.

3. "Organizational Plaintiffs" shall refer to all organizational Plaintiffs in this lawsuit, Innovation Law Lab, Central American Resource Center of Northern California, Centro Legal de la Raza, University of San Francisco School of Law Immigration and Deportation Defense Clinic, Al Otro Lado, and Tahirih Justice Center.

4. "Defendants" refers to U.S. Department of Homeland Security (DHS), U.S. Citizenship and Immigration Services (USCIS), U.S. Customs and Border Protection (CBP), and U.S. Immigration and Customs Enforcement (ICE).

5. "EOIR" refers to the Executive Office for Immigration Review.

6. "Initial adjudication of Individual Plaintiffs' asylum applications" includes adjudication of such applications by the asylum office, the immigration judge, and the Board of Immigration Appeals, as applicable.

7. "Effective Date" refers to the date that the Settlement Stipulation is signed by the parties.

**B.     Covenants of Plaintiffs.**

1. Within seven business days of the Effective Date, Plaintiffs shall provide Defendants with current home addresses for all Individual Plaintiffs present in the United States.

2. Within sixty business days of the Effective Date, Bianca Doe and Howard Doe shall submit requests for parole to USCIS as specified herein. See Appendix B as agreed to by the Parties on October 18, 2023 (setting out requirements for filing these requests).

3. Within sixty business days of the Effective Date, all Plaintiffs outside of the United States, Plaintiffs John Doe and Dennis Doe, shall submit requests for parole to ICE for adjudication. See Appendix A as agreed to by the Parties on October 18, 2023 (setting out requirements for filing these requests). Any fees associated with these applications shall be automatically waived by the Defendants without the Plaintiff needing to file a fee waiver request. Conditioned upon Plaintiffs providing the tracking information set forth in Appendix A and timely responding to requests for additional information if needed, parole requests will be adjudicated within 15 business days after the Effective Date. Travel documents issued by Defendants pursuant to a grant of parole will be valid for 90 business days for a single entry into the United States.

4. Within 60 business days of the Effective Date, the paroles of the Frank Doe Plaintiffs, Ian Doe, and Gregory Doe will be extended for two years. These Plaintiffs do not need to file anything with respect to parole, except to the extent re-parole is requested as described in Appendix C as agreed to by the Parties on October 18, 2023, in which case they will need to submit parole extension requests to CBP. See Appendix C for the documents to be submitted with these parole extension requests.

5. Within thirty business days of the Effective Date, all Individual Plaintiffs who are in the United States and were previously ordered removed – Gregory Doe, Howard Doe, Ian Doe,

and Frank Doe – shall provide Defendants with a draft "Joint Motion to Reopen and Dismiss" or a "Joint Motion to Terminate" (both hereafter referred to as "Joint Motion"), as relevant to their individual circumstances. Plaintiffs shall be responsible for filing the Joint Motions with EOIR once concurrence is provided by Defendants. The Joint Motions shall be based on the template motions drafted by Plaintiffs' Counsel, which are attached as Appendix D as agreed to by the Parties on October 18, 2023.

6. Individual Plaintiffs applying for parole inside the United States shall provide Government counsel tracking information (U.S. mail, FedEx, or DHL information) upon filing their applications and further provide Defendants' counsel with the receipt numbers assigned to the filed applications to ensure Defendants can appropriately identify and expedite them. Conditioned upon Plaintiffs providing this tracking information and timely responding to requests for additional information if needed, parole requests will be adjudicated within 15 business days after the Effective Date.

7. For Plaintiff Dennis Doe, the only Individual Plaintiff with an order of removal who is outside the U.S., the 30-day deadline for providing Defendants with a draft Joint Motion will not begin to run until after he, along with his partner and their child, are paroled into the United States. The Dennis Doe Plaintiffs' application for asylum (Form I-589) must be filed with USCIS within 60 business days of Dennis Doe's Joint Motion being granted.

8. The two Individual Plaintiffs who withdrew their applications for admission, John Doe and Bianca Doe, do not need to file motions to reopen. Plaintiff John Doe, who is outside the United States, shall file his asylum application (Form I-589) with USCIS within six months from the date of his parole into the U.S.

9. Plaintiffs who do not currently have a pending asylum application will file Form I-589 and any supporting materials with the USCIS Asylum Vetting Center in Atlanta, GA, by following the Special Instructions at https://www.uscis.gov/i-589 and include on the mailing envelope "ATTN: Innovation Law Lab Request" and the coversheet provided in Appendix E. Prospectively, if a Plaintiff fails to file an I-589 within the specified time periods set forth in this settlement agreement by both Parties, nothing in this settlement agreement precludes Defendants

from taking a civil immigration enforcement action against the Plaintiff, including but not limited to arresting, detaining, revoking parole and/or issuing the Plaintiff a notice to appear (NTA).

10. Should any Individual Plaintiffs change address during the pendency of their asylum adjudication by USCIS or immigration court proceedings, those Plaintiffs shall notify Defendants of Plaintiffs' new addresses and file an EOIR-33 with both the immigration court with jurisdiction over the case and the ICE Office of the Principal Legal Advisor (OPLA) Chief Counsel office with jurisdiction over the underlying case.

### C. Covenants of Defendants.

1. Defendants agree to adjudicate parole for all Individual Plaintiffs inside the United States on a case-by-case basis consistent with the terms of 8 U.S.C. § 1182(d)(5). The term of parole for Bianca Doe, if granted, will be 30 days. The term of parole for the John Doe Plaintiffs, if granted, will be one year. The term of parole for the Dennis Doe Plaintiffs, Frank Doe Plaintiffs, Howard Doe, Gregory Doe, and Ian Doe, if granted, will be two years. However, if a Plaintiff's Joint Motion has not been finally decided at least 240 days before the two-year parole period expires, the Plaintiff may apply for an additional year of parole. In such circumstances, the Plaintiff must apply for re-parole 60 days prior to their parole expiring. For the Dennis Does Plaintiffs and Howard Doe, their re-paroles should follow the same requirements as their initial paroles and be sent to the same addresses and include a coversheet in their application, Appendix Green Coversheet as agreed to by the Parties on October 18, 2023. For the Frank Doe Plaintiffs, Gregory Doe, and Ian Doe, parole requests should be submitted pursuant to the instructions set forth in Appendix C, as agreed to by the Parties on October 18, 2023. DOJ counsel should be notified of the re-parole applications and any tracking numbers associated with the applications. Conditioned upon Plaintiffs providing this tracking information and timely responding to requests for additional information if needed, parole requests will be adjudicated within 30 business days. The one-year extension of parole described in this paragraph is not available to any Plaintiff whose parole has been revoked.

2. As to Individual Plaintiffs located outside the United States, Plaintiffs John and Dennis Doe, if the Plaintiff needs to travel by air, Defendants agree to assist in issuing travel

documents after the Effective Date to the Dennis Doe Plaintiffs and John Doe Plaintiffs. Defendants further agree that they will not detain these individuals upon arrival at a port of entry unless they are deemed at inspections to pose a threat to national security or public safety. Subject to providing a complete application and timely responding to requests for additional information if needed, parole requests will be adjudicated within 15 business days after the Effective Date

3. For Individual Plaintiffs who receive parole in place or are paroled into the United States and who file asylum applications (Forms I-589) with USCIS, Defendants agree to withhold adjudication of the asylum applications until such time as the parole period ends. After the parole period ends, Defendants will adjudicate Plaintiffs' respective asylum applications in the normal course of business.

4. As to Plaintiff Dennis Doe – the sole Individual Plaintiff with a final removal order who remains physically outside of the United States – Defendants will parole the Dennis Doe Plaintiffs into the United States subject to normal inspection, on the condition that Plaintiff Dennis Doe (1) submits to Defendants a draft joint motion to reopen and dismiss his proceedings within 30 business days of his parole into the U.S. and (2) files his asylum applications (Form I-589) with USCIS within 60 business days of the Joint Motion being granted. Failure to do so is grounds for revoking the parole.

5. As to John Doe – who withdrew his application for admission and is physically outside of the United States, Defendants agree to parole the John Doe Plaintiffs into the U.S. subject to normal inspection, conditioned on his filing his asylum application (Form I-589) with USCIS within six months from the date of his parole into the country. Failure to do so is grounds for revoking the parole. Plaintiffs and Defendants agree that no motion will be required in his case as no case is pending before EOIR.

6. As to Bianca Doe – who withdrew her application for admission and is physically present in the United States – DHS agrees to process her parole contingent on her filing a request for parole form I-131 and providing Defendants her current address in the United States, both within 60 days of the Effective Date of the agreement. If USCIS does not grant asylum to Bianca Doe after her asylum interview, then USCIS may issue the NTA or Notice of Intent to Deny, as

required by DHS regulations. Alternatively, if Bianca Doe becomes a public safety or national security concern or is convicted of a crime at any time, DHS reserves the right to issue an NTA. Plaintiffs and Defendants agree that no motion will be required in her case, as she has no case pending before EOIR.

7. Defendants agree that, absent the discovery of information that the individual(s) pose a threat to national security or public safety, or have been convicted of crimes during the pendency of settlement negotiations, Defendants will not re-file an NTA for any of the Individual Plaintiffs, unless it is later triggered by a referral from the asylum office to the immigration court or the plaintiff fails to comply with the requirements of this agreement.

8. As to Individual Plaintiffs with final removal orders, Plaintiffs Dennis, Frank, and Ian Doe, Defendants agree to join a motion to reopen and dismiss their cases, as set forth above in para B.5 after the Effective Date. Defendants agree that within 45 business days of receipt of a draft motion from an Individual Plaintiff, Defendants will review the motion and either concur in its filing or propose specific changes to the motion that would allow Defendants to concur, provided that such motions do not raise extraneous or erroneous facts or arguments and relate solely to the subject matter of this settlement, and that Plaintiffs cooperate with any follow-up questions or requests for information in a timely manner. Plaintiffs should submit these motions to both local ICE OPLA and undersigned counsel.

9. As to Gregory Doe whose case remains pending before the Board of Immigration Appeals (BIA), and Howard Doe, whose case is pending on remand before the immigration court, and who thus have no final orders of removal, DHS agrees to join motions to terminate their removal proceedings. Defendants agree that the Joint Motion in Gregory Doe's case will request that the BIA dismiss the removal proceedings, not solely the appeal, to avoid rendering the immigration judge's order final. If the BIA enters a decision dismissing or denying Gregory's appeal prior to the settlement agreement being finalized, the Defendants agree to join a motion to reopen and terminate the removal proceedings. In addition, to address the possibility that the BIA could decide to remand Gregory Doe's case to the immigration judge, the Joint Motion should

include a request in the alternative that the BIA instruct the immigration judge to dismiss the removal proceedings.

10. As to Howard Doe, whose case was recently remanded from the BIA to the Immigration Court and is currently pending there, DHS agrees to join in a Joint Motion to Dismiss or Terminate his removal proceedings.

11. In the event an immigration judge does not grant any motion to dismiss or terminate that is required to be filed under this agreement, Defendants agree that they will not oppose any Individual Plaintiff's appeal of the denial.

12. In the event that the BIA does not grant any motion to dismiss or terminate that is required to be filed under this agreement, either as an initial matter or on appeal of a denial of such motion by an immigration judge, and the Individual Plaintiff files a petition for review, Defendants agree to convey to DOJ that they do not oppose remand and, upon remand, Defendants will again join a motion to dismiss or terminate.

13. Defendants agree that Individual Plaintiffs who are granted parole will be eligible to apply for an employment authorization document (EAD) based on the (c)(11) category. In addition, Plaintiffs will be eligible to file for employment authorization 150 days after the filing of their asylum applications based on the (c)(8) category. Defendants agree to expedite processing of plaintiffs' initial (c)(8) EAD applications within 30 days of receipt of such applications. Defendants agree to expedite adjudication of (c)(11) EADs within 45 days of receipt of such applications. This agreement to expedite shall apply retroactively to applications for (c)(11) EADs filed before the Effective Date, as long as the Individual Plaintiffs provide Defendants' counsel tracking information (U.S. mail, FedEx, or DHL information) upon filing their Forms I-765, and further provide Defendants with the receipt numbers assigned to the filed Forms I-765 when they are received.

14. Defendants agree that Individual Plaintiffs will not be required to pay an $85 biometric services fee for an EAD. Defendants will consider other requests for a fee waiver from each Individual Plaintiff through the filing of an I-912.

15. In the event any Individual Plaintiffs files a motion to change venue in their immigration proceedings, Defendants will consent to such a motion to change venue provided that Plaintiffs provide evidence required by 8 C.F.R. § 1003.20(c).

16. Defendants agree that asylum applications (Forms I-589) filed with USCIS under this agreement within 60 days of an order dismissing or terminating removal proceedings without prejudice in accordance with this agreement will be deemed as satisfying an exception to the one-year filing deadline in 8 U.S.C. § 1158(a)(2)(B) and (D). This agreement takes no position on whether asylum applications filed with USCIS after 60 days of dismissal or termination satisfy an exception to the one-year filing deadline.

17. As to Howard Doe, Defendants further agree to process him for parole, subject to his providing tracking numbers for the application to Defendants' counsel. Defendants also agree to process his application for a c(11) EAD within 21 days after his I-131 is processed and receipt of his EAD application.

18. As to Frank Doe, Defendants agree to cancel his and his son's NTAs within 60 business days of the Effective Date.

19. As to Ian Doe, Defendants agree to cancel his NTA within 60 business days of the Effective Date.

**D. No Concession**

1. This stipulation, whether or not executed, and any proceedings taken pursuant to it do not constitute any admission by Defendants of negligence or wrongdoing by Defendants and shall not be construed as a concession by Defendants as to any of Plaintiffs' claims in this action.

2. As of the Effective Date, the Individual Plaintiffs, and all individuals receiving relief through this settlement agreement, on behalf of themselves; their heirs, executors, administrators, representatives, attorneys, successors, assigns, agents, affiliates, and partners; and any persons they represent, by operation of this stipulation becoming effective, shall have fully, finally, and forever released, relinquished, and discharged the Defendants of and from any and all of the claims in this Action, and individuals covered by this paragraph shall forever be barred and enjoined from bringing or prosecuting any claims raised by Plaintiffs in this Action

against any of the Defendants, and all of their past and present agencies, officials, employees, agents, attorneys, and successors. Provided, however, that nothing in this provision shall be read to preclude individual Plaintiffs from raising relevant arguments concerning their entitlement to relief from removal in their removal proceedings or review thereof.

**E.  Representations and Warranties.**

   1.   Each of the Parties hereby represents and warrants to the other Parties that such Party has the power and authority to enter into this stipulation and execute and deliver and perform each of its/his obligations hereunder. This stipulation is a valid and binding obligation of such Party enforceable against such Party and any and all Related Persons in accordance with its terms. "Related Persons" means any spouse, partner or child of a Plaintiff who is also obtaining benefits under the settlement agreement.

**F.  Retention of Jurisdiction and Enforcement**

   1.   The Parties agree that, with respect to the Individual Plaintiffs, this constitutes a joint stipulation of dismissal with prejudice under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. The Parties further agree that, with respect to the Organizational Plaintiffs, this constitutes a joint stipulation of dismissal without prejudice. The Parties stipulate that each Party bears its own fees and costs and stipulate to the below in section F.2.

   2.   The Parties agree that the U.S. District Court for the Northern District of California retains exclusive jurisdiction over this stipulation for the purpose of enforcing any of its provisions and terms, and the Court's retention of such jurisdiction shall be noted in the dismissal of this action. The stipulation, and the Court's exclusive jurisdiction to enforce it, both shall terminate automatically three years from the date of execution of this stipulation by both Parties. If two and half years (30 months) from the effective date of the settlement any Plaintiff who has complied with the terms of the settlement has been unable to file their I-589 application with USCIS due to the continued existence of a removal order while the person was processed into MPP, Plaintiffs reserve the right to request – and Defendants will not oppose if the sole reason for the extension is the existence of the removal order received while processed into MPP – that the Court extend its exclusive jurisdiction over the stipulation only as applied to the affected Plaintiff until the

1   Immigration Judge has made his or her decision on the removal order received while processed
2   into MPP and the Plaintiff has had an opportunity to apply for asylum according to the terms of
3   this agreement.

4       3.    The Parties agree that, upon execution, this stipulation may be introduced as
5   evidence of the recitals and covenants made herein, and hereby waive any objections to its
6   admissibility under Federal Rules of Evidence 408, 802, or any other statute, regulation, or rule in
7   any action to enforce the terms of this stipulation. Otherwise, this stipulation has no precedential
8   value and does not accord any rights or obligations to individuals or entities not a party to this
9   stipulation.
10  //
11  //

Respectfully submitted,

                                 BRIAN M. BOYNTON
                                 Principal Deputy Assistant Attorney General

                                 WILLIAM C. PEACHEY
                                 Director

                              By: /s/ *Erez Reuveni*
                                 EREZ REUVENI
                                 Assistant Director
                                 Office of Immigration Litigation
                                 U.S. Department of Justice, Civil Division
                                 P.O. Box 868, Ben Franklin Station
                                 Washington, DC 20044
                                 Tel: (202) 307-4293
                                 Email: Erez.R.Reuveni@usdoj.gov

Dated: October 31, 2023                *Attorneys for Defendants*

                                /s/ *Judy Rabinovitz* (with permission)
                                ACLU FOUNDATION
                                IMMIGRANTS' RIGHTS PROJECT
                                125 Broad Street, 18th Floor
                                New York, NY 10004
                                T: (212) 549-2660
                                F: (212) 549-2654
                                *jrabinovitz@aclu.org*

                                /s/ *Melissa Crow* (with permission)
                                Melissa Crow
                                CENTER FOR GENDER & REFUGEE STUDIES
                                1121 14th Street, NW, Suite 200
                                Washington, DC 20005
                                T: (202) 355-4471
                                F: (415) 581-8824
                                *crowmelissa@uclawsf.edu*

Dated: October 31, 2023                *Attorneys for Plaintiffs*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on October 31, 2023, I electronically filed the foregoing document |
| 3 | with the Clerk of the Court for the United States Court of for the Northern District of California |
| 4 | by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will |
| 5 | be accomplished by the CM/ECF system. |

By: */s/ Erez Reuveni*
EREZ REUVENI
Assistant Director
United States Department of Justice
Civil Division