UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATION LAW LAB, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, et al.,<br><br>Defendants. | Case No. 19-cv-00807-RS<br><br>**ORDER** |

On October 31, 2023, the parties filed a stipulation to dismiss this action. No proposed order was submitted with the stipulation, but none was necessary. *See* Fed. R. Civ. P. 41(a) ("the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." The case was therefore closed.

Plaintiffs have now filed a motion, to which they assert defendants consent, requesting that "the Court correct its dismissal of this action and issue an order that reflects the intent of the Parties that this Court retain exclusive jurisdiction over the Stipulation for a period of three years." Plaintiffs imply the failure to issue an order of dismissal stating that jurisdiction would be retained was an "oversight" on the part of the court.

Plaintiffs' premise that this action was dismissed by court action is incorrect. As noted, plaintiffs were entitled to, and did, dismiss the action themselves by stipulation under Rule 41(a). While the court likely would have been willing to execute any appropriate order or judgment embodying the stipulation, it was incumbent on the parties to submit a proposed order or

judgment.

That said, plaintiffs dismissed this action pursuant to a stipulation with defendants that expressly called for a three-year retention of jurisdiction to enforce the settlement agreement. It appears there is no dispute that exercise of such jurisdiction would be appropriate in the unlikely event it becomes necessary. To the extent the court's "intent" might be relevant to any subsequent argument that plaintiffs would be required to file a new action to enforce the settlement agreement, by closing the case the court intended to give effect to the parties' stipulation. The present motion is granted to the extent this order addresses plaintiffs' concern, and is denied to the extent it is based on the incorrect premise that this action was dismissed by court action.

**IT IS SO ORDERED**.

Dated: April 11, 2024

_____
RICHARD SEEBORG
Chief United States District Judge